## DORCEY v. PATTERSON.

In an action of trespass *quare clausum fregit*, the plaintiff is not required to set out in his petition, the title under which he claims.

Where in an action of trespass *quare clausum fregit*, and for taking and carrying away certain logs and rails, the plaintiff offered in evidence a duplicate receipt of a receiver of the proper land office, to show title to the real estate, which was objected to for the reason, that the plaintiff had not set out his title in his petition, and the evidence excluded from the jury; and where the plaintiff then offered the duplicate, for the purpose of proving title to the property, which was again objected to, on the ground that the plaintiff could not recover, without showing that he was in the actual possession of the land—which evidence was again rejected; *Held*, 1. That the court erred in excluding the duplicate certificate from the jury; 2. That if plaintiff had title to the land, and the logs and rails were found thereon, the duplicate was evidence of ownership in the plaintiff, and, until rebutted, sufficient.

*Appeal from the Allamakee District Court.*

SATURDAY, DECEMBER 18.

*Trespass quare clausum fregit*—for that defendants entered plaintiff's close, tore down his fence and houses, and injured the grass and herbage. The last count of the petition charges that defendants entered the said close, and carried away certain property, then and there being found, (describing it). The answer denies the trespass—as also the title of plaintiff, or that he was ever in the actual possession of the premises, or entitled to the same. The rep-

lication re-affirms the petition, claims title by purchase from the United States, and avers actual possession.    Upon the trial, the plaintiff offered in evidence the duplicate receipt of the receiver of the proper land office, to show title. This was objected to, and excluded.    Plaintiff appeals.

*J. T. Clark*, for the appellant.

*R. Noble*, for the appellees.

WRIGHT, C. J.— The duplicate was rejected, for the reason that plaintiff had not set forth his title in his petition. He was not bound to do this.    This duplicate was his evidence, and not the instrument upon which his pleadings, or action, was founded, within the meaning of section 1759 of the Code.    A party is not bound to set out in his petition, the title under which he claims in such an action; *Tattersall* v. *Cook*, 1 Iowa, 1.

After the duplicate was rejected upon the above ground, plaintiff offered the same for the purpose of proving title to the personal property named in the last count.    This was objected to, and the further objection made, that plaintiff could not recover without showing that he was in the actual possession of the land.    The petition states that the personal property consisted of rails and logs.    And that they were the goods and chattels of the plaintiff.    Actual possession was necessary, to enable plaintiff to recover for such personal property.    If plaintiff had the title to the land, and the logs and rails were found thereon, this would be evidence of ownership, and until rebutted, sufficient.

                                        Judgment reversed.