## Printz v. Cheeney & Street.

1. Self-crimination. A witness can not be required to disclose any fact which constitutes a link in a chain of evidence which would subject him to any penalty, criminal charge or punishment.

2. Possession in trespass. When in an action of trespass, the petition alleged plaintiff's title to, and possession of the *locus in quo*, and issue was joined upon the allegation of title only, it was held that evidence of title was not necessary to establish the plaintiff's right to recover.

*Appeal from Iowa District Court.*

Monday, April 15.

Action before a justice of the peace, for entering upon the close of the plaintiff and taking therefrom certain personal property. An answer denying a portion of the allegations of the petition and setting up matter in justification as to the others, was filed; trial and judgment for the plaintiff. The defendant appealed to the District Court. Trial, verdict and judgment for defendant, and plaintiff appeals, assigning as error certain rulings and instructions of the court below, which are fully stated in the opinion.

*Templin & Fairall* for the appellant. The court should have compelled the witnesses to answer the questions propounded. It was apparent that they could not be criminated by the answer. *Richman* v. *The State of Iowa*, 2 G.

Greene 532; *Rex* v. *Slaney*, 5 Carr. & Payne 213; *The United States* v. *Aaron Burr*, 1 Rob. 207.

The answer is a mere denial of the entry; it neither traverses the title nor the possession, nor right of possession of plaintiff, which, if intended, must be done specially. If the question of title is intended to be raised it must be specially pleaded. Saund. Pl. & Ev. vol. 2 Part 2 marg. 1098 and 1101.

The title not having been denied, nor the possession, or either, the tendency of the instructions, and the effect was, to mislead the jury. There being no denial, those parts of the issue were admitted.

Waiving this view, for argument, the first proposition we do not think to be correct; for even in a case where a defendant files a plea of possessory right, or title, it is well settled that the derivation of the commencement of an estate in fee simple, need not be shown. It suffices in general to adduce the title from the last, also the late, owner in fee from or through whom defendant claims. Saund. on Pl. & Ev. vol. 2 part 2 marg. p. 1101; Steph. Pl. 347.

As to the second proposition, the deed is evidence of title, and ownership, and if no adverse rights appear, it draws the possession to the plaintiff. This doctrine is well settled in this court. *Dorcey* v. *Patterson*, 7 Iowa 420; *Terpenning* v. *Gallup, et al*, 8 Iowa 74.

*Murphy & McCollough* for the appellees, contended that the authorities cited by the appellant as to the ruling of the court upon the interrogation propounded to the witness are not applicable, and cited 1 Greenl. Ev. sec. 451; *Billinger* v. *The People*, 8 Wend. 595.

BALDWIN, J.—The plaintiff, upon the trial of this cause in the District Court, in order to prove the defendants, liability to him in trespass, in tearing down and carrying away a log house, introduced as a witness one Josiah Kinther, and asked him to state, if anything, what he knew in regard to any person's tearing down and carrying away the property

in controversy. The plaintiff also asked the witness to state what he knew about the defendants' tearing down the house in controversy and carrying it away; *and to state all the said defendants did* about tearing down and carrying off said house. Several other questions of like import were propounded to the witness by the plaintiff, each of which the witness refused to answer, claiming that his answers thereto would tend to criminate himself. The court held that he was not required to answer the same; and this ruling of the court is the first error assigned.

The rule is well settled that where it reasonably appears that the answer of a witness will expose him to a penal liability, to a criminal charge, or to any kind of punishment, he is not compelled to answer. "If it is one step having a tendency to criminate him, he is not compelled to answer." 16 Ves. 242. C. J. MARSHALL, in the Burr trial said, "that many links frequently compose the chain of testimony which is necessary to convict an individual of a crime, and the true sense of the rule is that no witness is compellable to furnish any one of them against himself. Neither is it required of a witness to show in what manner he would 'be criminated by his answer. If the witness is obliged to show how the effect is produced, the protection would at once be annihilated. The means which he would be in that case compelled to use to obtain protection, would involve the surrender of the very object for the security of which the protection was sought. 4 Wend. 252–3–4. The act of defendants for which the plaintiff sought to recover, is a criminal offense under our statute, and the question asked tended to obtain from the witness certain facts which would prove that he was present and aided in the commission of the offense. An answer directly given to the questions propounded by the plaintiff might not have implicated the witness; but when once answered the right of defendants to a cross-examination to test the truth of such answer, might have compelled the

witness to state some fact that would have been a link in the chain of evidence that would criminate him., In the case of . *Richman* v. *The State*, 2 G. Greene 532, the question there asked the witness could have been answered without criminating him, and the court properly held that he was not privileged from answering the same. The questions asked by the plaintiff in this case are different, and the court did not err in protecting the witness from answering them. ´

The second error assigned is that the court erred in giving the following instructions, viz: "The naked deed of the plaintiff given in evidence, unaccompanied by other evidence to show title in plaintiff to the *locus in quo* is not of itself sufficient evidence for the plaintiff to maintain his action of trespass; but if the evidence, in addition to the plaintiff's deed, shows that the plaintiff was in the possession of the premises at the time of the alleged trespass, then no further evidence of title is necessary; unless the evidence has shown to you that the plaintiff was in the possession of the premises, you must find for the defendants, because the naked deed unconnected with other evidence is not proof of title."

. The plaintiff in his petition alleges that the defendants entered upon his close situated in a certain township and county, and did there tear down, destroy and carry away certain property. The defendants deny that they entered plaintiff's close, and deny the trespass, &c., as charged in the petition. The right of plaintiff to the possession of the property described in the deed is not denied, nor is there any adverse claim thereto made by defendants. We understand from this instruction that the court directed the jury, that proof of title alone was not sufficient evidence to show possession in the plaintiff, that the plaintiff must show not only title, but actual possession under such title, before he can maintain trespass.

Under the issue made in this case we think there was error in this instruction. If the plaintiff had title in the land this is evidence of ownership, and the right to posses-

sion follows, especially where there is no adverse right. Where the plaintiff is in constructive possession he can maintain his action of trespass. 2 Greenl. Ev. section 614; *Dorcey* v. *Patterson*, 7 Iowa 420 ; *Terpenning* v. *Gallup, et al*, 8 Ib. 74. See also, *Mason* v. *Lewis*, 1 G. Greene 496, and authorities cited. This instruction being erroneous upon the authorities above cited, the judgment is reversed.