## WALKUP v. ZEHRING.

1. PLEADINGS: MULTIFARIOUSNESS. A bill is not multifarious when it joins a good cause of complaint, growing out of the same transaction, where the defendants are all interested in the same claim of right, and when the relief asked in relation to each is of the same general character.

2. SAME: EXHIBITS. In a proceeding to set aside a sheriff's sale of real estate, on the ground that it had been conveyed by, and did not belong to, the judgment debtor at the time of the sale, the execution and the sheriff's deed are not necessarily exhibits.

*Appeal from Tama District Court.*

SATURDAY, JUNE 7.

IN EQUITY. The bill in this case avers, that one John Zehring was the owner in fee of the southeast quarter of northwest quarter, section 3, Tp. 83, R. 15; that he sold the same to one Staley, but by mistake described it in the deed as the southwest quarter of the northwest quarter; that Staley sold to Boring, who sold to complainant, each deed containing the same mis-description; that one Foxworthy obtained a judgment against Zehring; that an execution issued, and thereunder the southeast quarter of northwest quarter was sold to Allen; that Foxworthy and Allen, before the date of said judgment, had notice of these

several mistakes, and of the rights of complainant in the premises. The prayer of the bill is to correct these mistakes, and set aside the sheriff's sale and deed. Zehring, Staley, Boring, Foxworthy and Allen, are made parties. A demurrer to the bill was sustained, and complainant appeals.

*Smyth, Young & Smyth* for the appellant.

*I. L. Allen* for the appellee.

WRIGHT, J. — The demurrer was improperly sustained. 1. The bill is not subject to the objection of multifariousness. It does not unite several distinct complaints against several persons, having no common interest in the matters stated, in such a sense as to bring it within the rule contended for by appellees. The purpose of the bill, and the actual facts, are very different from those arising and discussed in *Gammel* v. *Young*, 3 Iowa, 297. There, the proceedings were in dower, and Wynkoop's title, under the sale, were independent of the question of lien, and proper parties as to one, would not be as to the other. Here the complainant claims under one title. There is but one chain, which he states is defective because of a mistake. This he seeks to correct, and to remove the cloud upon his title, caused by the proceedings under the judgment and sheriff's sale. He could have joined the several preceding grantees (and grantors) with him, or, at his option, make them respondents. They may be interested in favoring the remedy sought, or, it may be, in resisting it. If there was no mistake, as claimed, they would apparently be interested in resisting the complainant's bill. And this is the question to be determined. We are clearly of the opinion that the general rule applies, that a bill is not multifarious when it joins a good cause of complaint, growing out of the same transaction, where the defendants are all inte-

rested in the same claim of right, and where the relief asked, in relation to each, is of the same general character. (Story's Eq. Pl., §§ 284, 530; *Powell* v. *Spaulding*, 3 G. Greene, 443 ; *Pierson* v. *David*, 1 Iowa, 23.)

2. It was not necessary to attach a copy of the execution and sheriff's deed. These were no part of the basis of the complainant's bill, within the sense of the statute requiring copies of the instruments sued on. *Dorcey* v. *Patterson*, 7 Iowa, 421.

