## VANNICE v. GREEN, TRAER & CO.

1. PLEADINGS: EXHIBIT. Under §§ 2920, 2963 and 2964 of the Revision of 1860, it is not necessary in a proceeding to set aside a confession of judgment on the ground that the statement on which it was rendered is insufficient, to annex a copy of the statement to the petition as an exhibit: WRIGHT, J., dissenting.

*Appeal from Benton District Court.*

THURSDAY, DECEMBER 11.

COMPLAINANT, as the purchaser of certain real estate from one Bergen, filed his bill in equity to set aside a judgment by confession, rendered in vacation, in favor of the present respondents, and against said Bergen. It is averred that the authority upon which said pretended judgment was rendered was insufficient for the reason that it did not state concisely the facts out of which the indebtedness arose, nor that the sum confessed was justly due, nor to become due. Respondents demurred, for the reason, among others, that there was "no copy of the statement of confession, nor excuse for not doing so," attached to the petition. Upon

this ground the demurrer was sustained, and complainant appeals.

*C. H. Conklin & W. C. Gaston* for the appellant.

*Preston & Son* for the appellees.

WRIGHT, J.—The question here made arises and is discussed by counsel under §§ 2920, 2963 and 2964 of the Revision. The first provides, that if the action is founded on a note, bill, bond or other writing, as evidence of indebtedness, the original or a copy must be set out in, or annexed to, the petition. If not so done, and no sufficient reason stated for such omission, it will be sufficient ground for demurrer. The second is, that when a pleading shows affirmatively that its cause of claim should be evidenced by writing, according to the law of evidence, and that it is not so evidenced, it may be assailed by demurrer. By § 2964, it is declared that where such cause of action as should be evidenced by writing is so evidenced, then the same must be stated to be so, and the writing, or a copy thereof, must be annexed to the pleading, unless a reasonable excuse be set forth in the pleading, for not annexing the same, else it shall not be received in proof on trial.

Aside from the evident reference of §§ 2963 and 2964 to a case where the party seeks to take his cause of action out of the operation of the Statute of Frauds, and other views which readily suggest themselves, and to which we need not refer, we remark that the true inquiry, as applied to this case, is, whether the "confession of judgment," referred to in the bill is the *foundation* of the action in such a sense as that it should be set forth in or annexed by copy or original to the pleading. I am instructed to announce as the opinion of a majority of the Court that it is not, and that the Court erred, therefore, in sustaining the demurrer.

The argument favoring this construction is, that the written confession is not the foundation of the action, but a link in the chain of evidence, which complainant is required to introduce to sustain his cause. The law does not contemplate that a party shall annex his evidence to his pleading, but the note or writing which is the basis of his action. To extend the language of the Statute to cover an instrument of this kind, where the party does not count directly upon it, but brings his action to set it aside, would impose a duty not designed, and unreasonably and unnecessarily encumber the record. And these views are claimed to be in accordance with *Dorcey* v. *Patterson*, 7 Iowa, 420; *Walkup* v. *Zehring*, 13 Iowa, 306.

This construction is not satisfactory to the writer of this opinion. I think that the *reason* of the law brings this case within its language and meaning. The pleader is not to state legal conclusions, but facts. And whether this instrument (the confession) did or not comply with the law was the very question to be determined, and this could not be done unless the court was advised, by its production or annexation to the pleadings, of its provisions. But without extending the argument, the majority of the Court hold that the demurrer was improperly sustained, and the judgment is therefore

Reversed.