## THE STATE OF IOWA v. DUFFY.

1. CONTEMPT: OBSTINATE WITNESS. A witness who is in contempt of court for refusing to answer questions propounded by the Grand Jury, is entitled, as of course, to a reasonable time before punishment in which to prepare and file an explanation of his conduct. Rev., 1860, § 2693.

2. WITNESS: SELF-CRIMINATION. It is for the Court, and not for a witness, to determine whether an answer would criminate him directly or indirectly, by producing direct evidence of his guilt, or by establishing one of many facts, which together may constitute a chain of evidence sufficient to warrant his conviction.

*Certiorari to Polk District Court.*

THURSDAY, DECEMBER 24.

THE Grand Jury of Polk county, in the discharge of their duty, were examining testimony tending to implicate some one in the crime of killing or altering a bull, contrary to the provisions of section 4318 of the Revision of 1860. The petitioner was before said jury and interrogated as fol-

lows: "If he knew whether Nicolas Divine altered, in the month of June last, or any other time, a bull belonging to William Harter." 2d. "If he saw a bull about the farm of Keyes & Crawford, on which Nicholas Divine lives, on or about the 20th of June last, which appeared to have been altered."

Having refused to answer these questions, on the ground that the answer thereto would tend to criminate himself, the matter was reported to the District Court. The witness still declined answering, upon the same ground, and asked a little time to make a written explanation, under oath, of his conduct, and to show that he was not bound to answer. This request was refused, and he was ordered to be and was committed for contempt. On the next day petitioner filed his sworn statement, to the effect that he refused to answer said interrogatories for the sole reason that the matter sought to be elicited would tend to render him criminally liable, and asked to be discharged. This was refused, and he prosecuted this writ to test the legality of said proceedings.

*E. J. Ingersoll* for the petitioner, relied upon *Printz* v. *Cheeny & Streets*, 11 Iowa, 469.

*C. C. Nourse*, Attorney-General, for the State. The case of *Printz* v. *Cheeny & Streets*, 11 Iowa, 469, was not as well considered as its importance demanded. A witness has no right to conceal knowledge of the fact that a crime has been committed. He may withhold information which tends to connect him with it. In the case above cited the question would include all the parties present; in this it relates solely to a third party. For a full discussion of the whole question by MARSHALL, Ch. J., see Burr's Trial, bearing in mind that having knowledge of the commission of the crime of treason, and withholding it, is a crime.

WRIGHT, J. — No good ground has been suggested why the petitioner was not entitled to the time asked to make the proposed written explanation. The statute expressly declares that in such cases he may, " at his option," make such explanation, which must be filed and preserved. § 2693. This is to be done, of course, if the party charged desires it, before he is punished. There is no authority for refusing to receive the explanation, where it is proposed to make it, and the party should have a reasonable time to prepare the same. In this case it seems a short time was asked; that the request was refused, and the commitment at once made. This was certainly erroneous.

But the petitioner did afterwards file a statement, and if that, in connection with all the circumstances, fails to show that he properly refused to answer, he should not be discharged. And this is the substantial question presented for our determination.

The true rule upon this subject will be found discussed by Chief Justice MARSHALL (1 Burr's Trial, 244), and in *The People* v. *Mather*, 4 Wend., 230; *Bellinger* v. *The People*, 8 Id., 595, and the cases there cited. See also 1 Greenl. Ev., § 451; *Southard* v. *Rexford*, 6 Cow., 254, 255; and *Printz* v. *Cheeny & Street*, 11 Iowa, 469. It is not left alone for the witness to determine whether the answer would tend to criminate him. He is not required to explain how he would be criminated, for this would, or might, annihilate the protection secured by this rule. But it is for the Court to determine "whether the answer can criminate him, directly or indirectly, by furnishing direct evidence of his guilt, or by establishing one of many facts, which together may constitute a chain of testimony sufficient to warrant his conviction, but one part of which itself could not produce such result."

We are satisfied that the petitioner in this case is not within the rule. If he could be excused, then we can

hardly conceive of a case where the Court could exercise any discretion, though the protection might be claimed "as a mere subterfuge to suppress the truth, and thereby aid the escape of the guilty." Suppose he answers that he did see the bull at the place designated, or that Divine did kill him, or negatives both propositions, what fact is thereby established which tends to make one of the links in the complete and essential chain? We confess that we cannot, except by indulging in imaginary cases, improbable, if not quite impossible, make a case where his answers, whatever their character, would tend to criminate him. *Cheeny* v. *Street, supra,* though somewhat like this, is distinguishable in its facts and circumstances. The defendants were, in that case, on their trial for trespass, for tearing down a house. It partook of the character of a mob; a number of persons were implicated; and, under such circumstances, the Court, having all the facts before it, might well see that the witness could not "state what he knew about *any* persons tearing down the house, or all that the defendants did" about it, without disclosing facts which would tend to inculpate himself. That case carries the rule as far as the books will justify. We are not disposed to still further extend it to cases like the one before us. The order of the Court below is affirmed, but without costs.

Affirmed.