WASHINGTON GRAFF

*v.*

DARIUS R. FITCH.

1. GROWING CROPS—*parol sale.* Growing crops are a proper subject of sale as personal property by parol, and such sales are valid as against creditors of the vendor.

2. SALE *of personal property—when complete, so as to pass the title.* The general doctrine in regard to the sale of personal property may be stated to be that, where some act remains to be done in relation to the articles which are the subject of the sale, as that of weighing or measuring to determine the quantity, if the price depends on that, unless it is to be done by the buyer alone, and there is no evidence tending to show an intention of the parties to make an absolute and complete sale, the property does not pass to the vendee until such act is performed, but where it appears that the parties intended that the sale should be complete before the articles sold are weighed or measured, the property will pass before this is done.

3. A party sold a part of a field of growing corn, designating the part sold so as to distinguish it from the remainder by cutting off the tops of one row of the corn for a considerable distance in from the fence. The purchaser paid $80 in cash, but the vendor, when the crop matured, was to put it partly in shock and snap the remainder, when the corn was to be measured and paid for by the bushel. Subsequently, and before anything further was done in regard to it, the corn was levied on by virtue of an execution against the vendor. Upon a trial of the right of property, at the suit of the vendee, there being evidence tending to show it was the intention of the parties that the sale should be complete and absolute at the time of making the contract, an instruction which directed the jury, if, by the terms of the purchase, the defendant in the execution was to cut and shock a part of the

corn and to gather the remainder, and that the quantity was then so to be ascertained and the same paid for at forty cents per bushel, that in such case no title passed to the purchaser, was regarded as erroneous, in that it pronounced as a matter of law, that, under the facts stated, no title passed, without any reference to the intention of the parties whether the sale should be complete at the time of the contract.

4. The action of the parties in marking off and separating the corn sold from the remainder, was a performance of acts of delivery, entitled, perhaps, to consideration as indicative of an intent to transfer the property absolutely. As where the goods are actually delivered, the intent of the parties to complete the sale is shown by the delivery.

5. RIGHT OF PROPERTY—*trial thereof—of evidence, whether admissible.* The proceedings, under a distress warrant, for the rent of the ground on which the corn was growing, instituted by the vendee, the claimant herein, against the vendor, subsequently to the commencement of the proceeding for the trial of the right of property, and showing a purchase thereunder of the corn in dispute by the vendee, were inadmissible as evidence for the purpose of showing the title of the property to be in him; as an acquisition of title subsequently to the commencement of the proceeding could not be shown.

6. Neither would they be competent evidence for the purpose of showing a prior landlord's lien upon the property in favor of the claimant.

APPEAL from the Circuit Court of Morgan county ; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a proceeding for the trial of the right of property in a part of a certain field of growing corn, instituted by Washington Graff, before Isaac S. Sierrer as sheriff of Morgan county. The trial before the sheriff resulted adversely to the claimant, who thereupon took the case by appeal to the circuit court, where judgment was rendered for the defendant. Upon the trial in the court below the plaintiff offered in evidence the proceedings under a distress warrant instituted by him as landlord against the defendant in the execution under which the sheriff had levied on the corn in question, but subsequently to the date of the levy, to recover for the rent of the ground on which the corn was growing, and showing a purchase thereof by the plaintiff at a sale had under such proceeding. The claimant brings the record to this court and assigns for error, among

other things, the exclusion of this evidence from the jury, and the giving and refusing of instructions.

Messrs. KETCHAM & DeLEUW, and Messrs. BROWN & EPLER, for the appellant.

Mr. J. T. SPRINGER, and Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a case of the trial of the right of property to a certain piece of a field of corn, which Sierrer, as sheriff, had levied an execution upon, and which Graff claimed as owner.

The trial in the court below resulted in a verdict and judgment for the defendant.

The only question presented upon the record is, upon the action of the court on instructions, and in excluding evidence of certain proceedings under a distress warrant for rent, which took place subsequently to the commencement of this suit.

The giving of the following instruction for the defendant is assigned as error, viz:

"The court instructs the jury for the defendant, that if they find from the testimony in the case that the property in question was grown or produced by Peter D. Thompson, the defendant in the execution, and that on or about the 6th day of September, 1869, the claimant, Washington Graff, purchased the said corn of Thompson while the same was standing in the field and not mature, and that by the terms of said purchase the said Thompson was to cut and shock a part of said corn and to gather the remainder, and that the quantity was then so to be ascertained, and the same be paid for at 40 cents per bushel, then by said sale no title passed to said Graff, and said property was liable to the execution in the hands of the defendant, and if from the evidence it appears to the jury that the levy was made before said corn was measured, and the number of bushels ascertained, the verdict must be for the defendant."

The bill of exceptions recites the following admitted facts and evidence : ·

"That a judgment had been obtained by Darius R. Fitch against one Peter D. Thompson; that on said judgment an execution had issued, by virtue of which the sheriff of said county, had levied on the corn in dispute, and that the plaintiff or claimant had given the said sheriff regular formal notice to try the rights of property."

"The claimant, Washington Graff, was thereupon introduced as a witness to the jury, and testified that on the 6th day of September, 1869, he purchased of said Peter D. Thompson all the corn raised by the said Thompson on the west half of the southwest quarter of section 16, township 16, range 8, in Morgan county, Illinois; that it was the same corn levied on by virtue of the execution in favor of Darius R. Fitch, and that the purchase was made prior to the levying of said execution ; that he (Graff) paid Thompson $80 cash for the corn, at the time of its purchase standing in the field, not fully ripe nor fit for harvesting; that it was in a field where was other corn ; that he purchased all of Thompson's corn except four or five acres, and in order to ascertain the corn so purchased, he (Graff) and Thompson went into the field and cut off the tops of one row of corn for a considerable distance in from the fence, so that there would be no mistake about the corn which Graff was to have, and so that the part which he (Graff) was to have might be plainly designated and set apart, and he (Graff) was to have all of the piece of corn so designated at the rate of 40 cents per bushel, whether there was 100 or 200 bushels.

"Then, afterwards, when the corn was in fit condition, it was to be partly put in shocks and partly snapped by said Thompson, and then measured and paid for by the bushel ; that the purpose of witness in purchasing was in part to secure the rent due him from said Thompson ; that he understood the corn to have been delivered to him, and to be at his risk from the date of said sale."

This was all the evidence offered by either of the parties.

In many cases of sales of personal property, it is a nice and difficult question whether or not the title has passed.

The property does not pass absolutely, unless the sale be completed; and it is not completed, so long as anything remains to be done to put it into a condition for sale, or to identify it, or discriminate it from other property with which it is connected. The corn in this case was in a condition to be sold. Growing crops are a proper subject of sale as personal property by parol, and their sale is valid as against creditors. *Bull* v. *Griswold*, 19 Ill. 631; *Bellows* v. *Wells*, 36 Vermont, 600.

There was nothing to be done here to identify the property, or to designate it from any common mass with which it was mingled. The subject of the sale was specific, and not indeterminate. It was a part of a field of corn, which was marked off and separated from the rest of the field by a visibly marked boundary. And the measuring of the corn, which was to be had afterwards, was merely to ascertain the amount of the whole price, at the rate per bushel agreed upon between the parties.

The general doctrine to be found in the books is, doubtless, as stated in 1 Parsons on Contracts, 527, that the sale of personal property is not completed, while anything remains to be done to determine its quantity, if the price depends on this, unless this is to be done by the buyer alone.

But there is a class of cases which hold that, if the parties intended that the sale should be complete before the goods sold were weighed or measured, the property will pass before this is done.

Was there any evidence here showing the intention of the parties that the sale should be complete and absolute at the time of making the contract?

Where the goods are actually delivered, that shows the intent of the parties to complete the sale by the delivery. Here was a performance of acts of delivery, in marking off and separating the part sold, entitled, perhaps, to consideration, as indicative of an intent to transfer the property absolutely.

Where the payment of the price, or giving security therefor, is not a condition precedent to the transfer, it may well be the understanding of the parties, that the interest shall pass at once to the vendee, although the measure of the articles sold remains yet to be ascertained.

Here the purpose of the purchase was in part to secure the rent due from Thompson—and perhaps it is not a very strained inference that the $80 paid in cash was about the probable estimate of the value of the corn over and above the amount of rent due; so that in effect the price might be regarded as paid down.

If the purpose was to obtain security for a debt, it would have been illy accomplished, by leaving the sale in such an incomplete state, that the property could be taken by creditors of Thompson, and subjected to sale under their executions.

If it was the intention of these parties to appropriate this piece of corn to the payment of the rent due from Thompson to Graff, by an absolute transfer of it, we see no sufficient reason why their intention should be frustrated by the fact that Thompson was afterwards to perform some work in harvesting the corn, and it was to be measured to ascertain the amount of the price to be allowed for it at the rate agreed upon.

Such a sale, with the understanding that Graff himself was to perform those same acts, would doubtless be a valid and complete sale, or that he should employ a third person to do so, and why should an arrangement that Thompson should do it, vary the result?

The case presents a question of the intention of the parties to the contract.

While the general doctrine on this subject may be regarded to be, that where some act remains to be done in relation to the articles which are the subject of the sale, as that of weighing or measuring, and there is no evidence tending to show an intention of the parties to make an absolute and complete sale,

the property does not pass to the vendee until such act is performed, yet where it appears that the parties intended that the sale should be complete before the articles sold are weighed or measured, the property will pass before this is done.

These views are sustained more or less fully by the following authorities: *Bell* v. *Farrar*, 41 Ill. 400; *Macomber* v. *Parker*, 13 Pick. 175; *Riddle* v. *Varnum*, 20 id. 280; *Crofoot* v. *Bennett*, 2 Comst. 258.

We think, then, that this instruction was erroneous, in pronouncing, as a matter of law, that, under the facts stated, no title passed, without any reference to the intention of the parties whether the sale should be complete at the time of the contract.

There was evidence tending to show the intention of the parties that the sale of the corn should be complete before it was measured, and the instruction should have been qualified so as to make it dependent upon such intention, whether the title passed by the sale or not.

The claimant's instructions being the converse of the defendant's, were properly refused for the same reason, in leaving out of view the intention of the parties. The distress warrant proceedings were rightly excluded—an acquisition of title to the property, subsequently to the commencement of the proceeding for the trial of the right of property, could not be shown.

The only view in which they might be relevant, would be to show a prior landlord's lien upon the property, but they would not be competent evidence for that purpose.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*