## JACOB STAUFFER v. JOSEPH REMICK.

1. VERDICT—*Amount Indorsed on ·Execution—Liability of Judgment Debtor.* K. recovered a judgment against R. In an action against S., R. obtained a verdict in his favor; by the agreement of K and S., the amount of the verdict was indorsed upon an execution of K. against R. *Held,* Such indorsement does not relieve S. of his liability to R. upon the judgment subsequently rendered against him on the verdict, unless it appears that the verdict was rendered in an action arising on contract.

2. VERDICT *in Tort, a Debt, When.* A verdict in an action in tort does not convert the tort into a debt; it does not become a debt until it is merged into a judgment.

### *Error from Barton District Court.*

THE opinion states the facts. Judgment for defendants, at the February Term, 1886. The plaintiff brings the case to this court.

*Maher & Osmond,* for plaintiff in error.

*Clayton & Clayton,* for defendants in error.

Opinion by HOLT, C.: Plaintiff in error, plaintiff below, filed his petition in the Barton district court, of which the following is a copy, (court and title omitted:)

"The plaintiff, Jacob Stauffer, complains of the defendants, Joseph Remick, James S. Dalziel, and Joshua Clayton and James Clayton, partners as Clayton & Clayton, saying: That on the 15th day of May, 1884, there was tried in the above court a cause entitled Joseph Remick *v.* Jacob Stauffer, and a verdict was found by the jury against said Jacob Stauffer for the sum of $88.75 and costs; that on the 16th day of May, 1884, an execution was issued out of said court upon a judgment rendered in favor of H. M. Kline and against said Joseph Remick, and that the sheriff, James S. Dalziel, in whose hands said execution was placed, not being able to find any property upon which to levy, presented said execution in favor of H. M. Kline and against said Joseph Remick to said Jacob Stauffer, who thereupon obtained by order of said execution creditor and owner of said judgment an indorsement

on said execution, crediting the said sum of $88.75; that after the said payment to the sheriff, the court entered judgment upon said verdict as found against said Jacob Stauffer and in favor of Joseph Remick for $88.75 and costs; that said Jacob Stauffer immediately paid said costs; that immediately after the entry of judgment by said court, and after the said payment to the sheriff, the defendants, Joshua Clayton and James Clayton, entered an attorney's lien upon said judgment, and procured from said Remick an assignment of said judgment to themselves; that said defendants have caused an execution to be issued and placed in the hands of the defendant, James S. Dalziel, sheriff of Barton county, Kansas, who will levy said execution on the property of the said Jacob Stauffer, unless restrained by the order of this court. Plaintiff says that said judgment has been fully paid, and satisfied in the manner aforesaid. Therefore plaintiff prays this court to issue its order restraining the collection of said judgment and proceeding under said execution until the further order of this court, and that upon a final hearing of this cause a perpetual injunction be granted forever restraining the collection of said judgment and execution; and for such other and further relief as equity may require."

The defendants below demurred to the petition because it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer. Plaintiff excepted, and presents such ruling to this court for review. Plaintiff contends that the payment by Stauffer to the sheriff is authorized by § 486 of the civil code. That section reads as follows:

"After the issuing of execution against the property, any person indebted to a judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as may be necessary to satisfy the execution; the sheriff's receipt shall be a sufficient discharge for the amount so paid, or directed to be credited by the judgment creditor on the execution."

The first question which arises in this case is, whether Stauffer was indebted to Remick at the time the indorsement was made on the execution issued in the action of Kline v. Remick. It is not alleged in plaintiff's petition that he was so indebted. It states a jury had found a verdict in Remick's favor against him, but it is silent as to the cause of action upon which it

was found.   If it was upon a contract for liquidated damages, it would be a debt, not because of the verdict of the jury, but because of the liability on the contract.   If the verdict was found in an action in tort, the verdict would not be a debt. A verdict on a cause of action resting in tort, does not convert the tort into a debt.   It must be merged into a judgment before it becomes a debt.   (Freeman on Judgments, §167; *Thayer v. Southwick*, 8 Gray, 229.)

Where a petition is attacked by demurrer, for the reason that it does not state facts sufficient to constitute a cause of action, the rule is to construe the pleading against the pleader, on the ground that as he himself selects the language, he should make his meaning clear.   (*Draper v. Cowles*, 27 Kas. 484.) The plaintiff does not state in his petition that Remick was indebted to him at the time of the indorsement; the simple statement is there was a verdict found against him.   We cannot say whether it was in an action arising on contract, or in tort.   To hold it to be sufficient we would be compelled to infer that the action was founded upon a contract.   Under the rule of pleading above stated, we are not justified in making such an inference.

Immediately after the rendition of the judgment, Clayton & Clayton filed their attorney's lien upon said judgment, and procured an assignment from Remick.   We think under the pleadings in this case, that they obtained a right to the judgment rendered against Stauffer.   Of course if Remick in person had directed this payment of his judgment against Stauffer upon execution in favor of Kline against him, an entirely different question would have been presented from that we are now considering, but this indorsement was not made at his suggestion or by his consent.   It may be fairly inferred that it was made without his knowledge, and that if he had known of it he would have protested.

We think the ruling of the court was correct, and therefore recommend the affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.