T. M. NOBLE *et al.* v. RICHARD HUNTER *et al.*
No. 52.

ASSIGNMENT—*Claim for Money Found Due by Verdict.* A claim
for money found to be due by the verdict of the jury in an action
for the conversion of personal property may be assigned to a third
person, so as to give the assignee the right to recover the same.
And where the record shows that it was the intention of all the
parties that the written instrument under which the assignee
claims should vest the title to the money in the assignee, although
inappropriate terms have been used, the instrument will be so
construed as to carry into effect the intent of the parties.

MEMORANDUM.—Error from Republic district court;
F. W. STURGES, judge.    Action to enjoin the collec-
of a judgment and for other relief by Richard Hunter
and Henry Hunter, partners as Hunter Bros., against
T. M. Noble and others.    Judgment for plaintiffs.
Defendants bring the case to this court.    Reversed.
The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON,
P. J., is as follows :

In the spring of 1887, S. L. Parkhill executed and
delivered to Hunter Bros. a mortgage on certain per-
sonal property, and in the fall of the same year
executed to them a real-estate mortgage for the same
debt.    Upon the real estate mortgaged as aforesaid
there were several other liens, and in an action
brought in May, 1888, to foreclose the first mort-
gage on said real estate, in which Hunter Bros. were

made defendants, their mortgage from Parkhill was declared a third lien, but was foreclosed, and judgment was rendered in their favor and against Parkhill for the sum of $947.95. This judgment was rendered on the 8th day of October, 1888. Shortly after the commencement of the foreclosure suit, Hunter Bros. attempted to collect under the chattel mortgage first given, and took into their possession certain personal property and sold the same. About August 20, 1888, Parkhill brought suit against Hunter Bros. for the value of the personal property so taken and converted to their own use, alleging that the chattel mortgage had been fully paid. In this action judgment was rendered on the 4th day of October, 1889, for the sum of $408. From this judgment Hunter Bros. attempted to commence proceedings in error, but having failed to do so within one year from the date of the rendition of the judgment, an execution was issued against them and placed in the hands of the sheriff of Republic county; thereupon, the Hunter Bros. commenced an action against the sheriff of said county asking that the judgment of Parkhill against them should be set off against their judgment against Parkhill, and that the sheriff be restrained from making any levy under said execution. This injunction, it appears, was dissolved, and thereupon a stipulation was entered into by and between Hunter Bros. and T. M. Noble and Van Natta & Close, by which they were made codefendants with the sheriff, Swartz, showing that the said Noble and Van Natta & Close claimed title to the judgment in favor of Parkhill against the Hunters, and upon which the execution before mentioned had been issued, and agreeing that the case should be docketed and stand regularly for trial at the next term of the court. Noble and Van Natta & Close thereupon

filed an answer alleging that they were the owners of the judgment, and that the same had been regularly transferred and assigned to them on or about the 4th day of October, 1889, to secure certain indebtedness due from Parkhill to them for services as attorneys before that time rendered, and also for other fees in the case of Parkhill against Hunter Bros., which was sought to be set off, and for other sums of money which Parkhill owed them. Parkhill also filed an answer setting forth in substance the same facts as set up in the answer of Noble *et al.* Hunter Bros. filed a reply of general denial. Upon the issues thus made, the case was tried before the court without a jury. The court made special findings of fact and conclusions of law, and rendered judgment in favor of Hunter Bros., setting off the judgment of Parkhill, and enjoining all the defendants from attempting to collect said judgment. T. M. Noble, Van Natta & Close and others bring the case here for review.

*T. M. Noble*, for plaintiffs in error.

*Cooper & Cooper*, and *W. F. Dillon*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: But one question is presented for our consideration, and for the sake of brevity we will consider it in this form : Who was the owner of the judgment rendered on May 29, 1890, in the case of S. L. Parkhill against Hunter Bros.? The court, among others, made the following findings of fact :

"No. 7. The attorneys who brought the suit for the Parkhills against the plaintiffs herein (Hunter Bros.) were defendants herein — T. M.. Noble, N. T. Van Natta and J. F. Close. At the time of the bring-

ing of the same, there was no definite understanding as to the fees, although it was talked between them that whatever fees the attorneys recovered would have to be recovered out of any judgment Parkhill might recover against the Hunters; for the Parkhills were in failing circumstances — owing more than they could pay. Immediately after the hearing of the motion to dismiss, it was agreed between said attorneys and S. L. Parkhill that the attorneys should have, for their fees in the suit of S. L. Parkhill to recover from Hunter Bros. the value of property, one-half of the judgment recovered, and out of the other half they should be entitled to retain such an amount as their services were reasonably worth which they had rendered S. L. Parkhill in other suits, and as much as they have rendered or might render Emma D. Parkhill in her suit. This agreement was oral and not in writing, and made as above soon after the hearing of the motion to dismiss, in October, 1889.''

''No. 9. Immediately upon the reception and reading of the verdict, said Parkhill executed and delivered to his said attorneys, who have since retained the same, the following written assignment:

'Belleville, Kan., October 4, 1889.
'For a valuable consideration, I hereby sell and assign all my right, title to T. M. Noble and VanNatta & Close in and to a certain judgment I have this day recovered against Hunter Bros., in the case of S. L. Parkhill v. Richard Hunter and Henry Hunter, partners as Hunter Bros., for the sum of $480, in the district court of Republic county, Kansas. [Signed] S. L. Parkhill.' ''

The court further found that the date of the written instrument above set forth was the date upon which the verdict of the jury was rendered, but that no judgment was rendered upon said verdict until after the hearing of the motion for a new trial, which was on the 29th day of May, 1890; that, between the dates of rendering the verdict and the giving of the judgment, Parkhill filed a motion for judgment on the verdict, which the court refused to render until after the motion for a new trial should be heard.

As a conclusion of law the court found :

"No. 3. Although, as between the defendant S. L. Parkhill and his attorneys, they had a claim against him for one-half of the amount of his judgment against Hunter Bros., to wit, $204, also the reasonable value of their services rendered about other matters, to wit, $70, making a total of $274, yet they had no attorney's or other lien for this amount, or any portion thereof, as against the Hunter Bros., and, under all the circumstances, there were no steps they could take as against Hunter Bros. to cut off the right which they (Hunter Bros.) had to have their judgment for $947.95 offset against any judgment Parkhill might recover against them on account of any matter then existing between them. Neither could Parkhill assign his judgment against the Hunters or the claim on which it was based to the attorneys or any one else for attorney's fees or other consideration so as to cut off that right of the Hunter Bros."

Reading findings of fact 7 and 9 together, was there not virtually an assignment to the attorneys of the sum found to be due by the jury, even though no judgment had been rendered thereon? Does not the word "judgment" used in the written instrment evidently refer to the mere fact of recovery by the verdict, and is not this written instrument sufficient to carry with it the right to all future benefits that might arise by reason of the fact that a certain sum had been found due, and could not the attorneys, in the event of a new trial being granted, rightfully claim that the cause of action from that date had been assigned to them? Did not it assign the claim that Parkhill had against the Hunter Bros.? The same rule should apply in construing this as in the case of a sale of personal property, "that the intent of the parties controls, and if they intended a perma-

nent vesting of the title, the title will at once pass."
(*Kneeland v. Renner,* ante, p. 451, 43 Pac. Rep. 95.)

Section 420, civil code, provides:

"In addition to the causes of action which survive
at common law, causes of action for mesne profits, or
for injury to the person, or to real or personal estate,
or for any deceit or fraud, shall also survive; and the
action may be brought, notwithstanding the death of
the person entitled or liable to the same."

It is conceded that the action of Parkhill against
Hunter Bros. was in tort. Can such a claim be as-
signed? We think so. The taking of a man's money
tortiously is such a tort as affects and injures his per-
sonal estate, and at the same time it increases the
value of the estate of the person who receives it, and
such a claim can be assigned. In *Stewart v. Balderston,*
10 Kan. 142, Mr. Justice VALENTINE, in delivering the
opinion of the court, says:

"Under the statutes of this state, a cause of action
for money had and received, whether obtained tor-
tiously or otherwise, as well as every other cause of
action which affects injuriously the estate of the
party injured, is such a cause of action as will sur-
vive after the death of the party injured to his legal
representatives. (Civil Code, §§ 420, 421.) And,
according to many of the authorities which we
have already cited, this is conclusive proof that the
cause of action is assignable. As long ago as 1828
it was said, in the case of *Comegys v. Vasse,* 1 Pet.
213, Mr. Justice Story, delivering the opinion of
the court, that, 'In general, it may be affirmed,
that mere personal torts, which die with the party
and do not survive to his personal representatives,
are not capable of passing by assignment; and that
vested rights, *ad rem* and *in re,* possibilities coupled
with an interest and claims growing out of and ad-
hering to property, may pass by assignment.' And
this doctrine has been generally followed in this

country ever since.    It is now generally said that survivorship of a cause of action and assignment go hand in hand.''

We think, therefore, that on the 4th day of October, 1889 — the date the written assignment was made — the attorneys were the owners of any and all rights that Parkhill had before under his claim against Hunter Bros.    Until the cause of action became merged into a judgment, and thus became a debt, Hunters could not set off.    ''A verdict in an action in tort does not convert the tort into a debt ; it does not become a debt until it is merged into a judgment.''    (*Stauffer v. Remick*, 37 Kan. 454.)    The Hunters' right of set-off arose after judgment, which was months after the claim was assigned.

The judgment in this case will, therefore, be reversed, and cause remanded with instructions to award to the defendants, Noble and Van Natta & Close, so much of the judgment against Hunter Bros. and in favor of S. L. Parkhill as found by the trial court to be due them from Parkhill for services, viz., $274, and that the balance of said judgment be credited upon the judgment of Hunter Bros. against Parkhill.

All the Judges concurring.