CHARLES B. SELDOMRIDGE, APPELLEE, V. FARMERS & MER-
CHANTS BANK ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1910.   No. 16,115.

1. Sales: WAIVER. If a vendor after selling a quantity of corn so as to pass title thereto without actual delivery resells it to another person and executes to each vendee a bill of sale for one-half of the grain, the first vendee by accepting the bill of sale and waiving his right to one-half of the grain first sold to him does not renounce his title to the other half thereof.

2. ———: PASSING TITLE: GRAIN IN MASS. Where a specified quantity of grain identical in kind and uniform in value is sold from a mass, a separation is not necessary to vest title where the intention of the parties that title shall pass is clearly manifested.

3. ———: ———: REVIEW. Whether title to personal property sold, but not actually delivered, passes to the vendee, depends upon the intent of the parties to the transaction, and the question of intent is rather one of fact than of law, so that the finding of the trial court upon that issue in an action at law will not be

set aside by this court unless against the clear weight of the evidence.

4. ———: Rescission. An order given by a vendee to his banker not to pay a check, drawn and delivered by the former in payment for chattels sold to him, will not in itself work a rescission of the contract of sale.

Appeal from the district court for Kearney county: Harry S. Dungan, Judge. *Affirmed.*

*J. L. McPheely,* for appellants.

*Adams & Adams, contra.*

Root, J.

This is an action in replevin to recover a quantity of corn held by the defendant sheriff by virtue of a levy of a writ of attachment. The plaintiff prevailed, and the defendant appeals.

The evidence is meagre, but the record discloses that February 28, 1908, Clyde Merriman owned 2,000 bushels of shelled corn contained in several bins in his granary. Upon that date Merriman sold to the plaintiff 2,000 bushels of corn, received a check for approximately one-half of the purchase price, and agreed to deliver the grain at the plaintiff's elevator in Axtell. The same day Merriman sold in like manner 2,000 bushels of corn to the Hayes & Eames Elevator Company and received a check for half of the purchase price. Merriman then prepared two bills of sale purporting to convey to each of his vendees "1,000 bushels of shelled corn now located on the N. W. ¼ of section 28, township 7, range 16, Kearney county, Nebraska." These documents were given by Merriman to his brother-in-law, a Mr. Wells, with directions to deliver the corn to the respective vendees. Merriman negotiated the checks, paid Wells for delivering the corn, and then absconded. In the forenoon of March 2 Wells filed the bills of sale with the county clerk, informed the vendees of the transaction, and delivered 348 bushels of the corn

to the plaintiff. The corn was accepted, but the plaintiff directed his banker not to pay said check. Subsequently, but before the check was presented, the order was rescinded and the check thereafter paid upon presentation. At 7 o'clock P. M., March 2, the Farmers & Merchants Bank of Axtell caused an attachment to be levied on all of the undelivered corn. The parties waived a jury and tried the case to the district court.

The litigants agree that, if title to the 652 bushels of corn vested in the plaintiff before the levy, the judgment of the district court should be affirmed. The litigants stipulated in open court during the trial of the case "that the corn attached is the same corn that had been purchased, except 348 bushels that had been delivered prior to the attachment." This stipulation removes from the case any question concerning the appropriation of the corn to the contract. If Merriman sold this corn to the plaintiff and received his pay therefor, the sale was perfect and title vested in the plaintiff. Manual delivery is not always a condition precedent to the transfer of title to personal property bargained and sold. *Baker v. McDonald*, 74 Neb. 595. The chattels should be identified, and if they form part of a larger mass should generally be segregated therefrom. In the case at bar the plaintiff purchased all of Merriman's corn, so that segregation was not necessary for the purposes of identification or appropriation. The fact that Merriman twice sold the identical corn is no concern of the attaching creditor. By acquiescing in Merriman's resale of one-half of that corn, the plaintiff did not relinquish his title to the remaining fraction, but from thence forward the vendees became tenants in common of the mass of grain. If it is conceded that Merriman's conduct precludes a finding that he intended to transfer to either vendee title to the 2,000 bushels of grain, it becomes material to ascertain whether the parties intended that title to 1,000 bushels of corn should vest in each vendee.

If the acts and declarations of a vendor and a vendee

clearly evince an intention to make an immediate transfer of title to a quantity of grain sold from a larger mass of like quality and kind, the title will pass, although there may have been no separation of the quantity sold. *Kimberly v. Patchin*, 19 N. Y. 330, 75 Am. Dec. 334; *Hurff v. Hires*, 40 N. J. Law, 581; *Horr v. Barker*, 11 Cal. 393, 70 Am. Dec. 791; *Winslow, Lanier & Co. v. Leonard*, 24 Pa. St. 14, 62 Am. Dec. 354.

Since the intent of the parties must control in determining whether a present vested title to the corn passed to the vendee, the trier of fact in passing upon that issue must examine the conduct of the parties in the light of the surrounding circumstances. In the instant case the corn, so far as we are advised, was of uniform quality and value. It is plain that Merriman did not intend to retain title to the grain, because he twice sold it, then executed a bill of sale to the plaintiff for one-half of the corn, applied the plaintiff's money to the payment of the thousand bushels, and finally absconded. Since Merriman did not intend to retain title to any of this corn, but did everything possible short of delivering actual possession thereof to the plaintiff to vest that title in his vendee, we are of opinion the court was justified in finding the title did in fact pass to the plaintiff. That finding should not be ignored unless it is clearly against the weight of the evidence. *Kneeland v. Renner*, 2 Kan. App. 451, 43 Pac 95; *Graff v. Fitch*, 58 Ill. 373; *Towne v. Davis*, 66 N. H. 396. Upon the entire record we are of opinion the evidence sustains the finding of the trial court.

The defendant argues, however, that the plaintiff by stopping payment of his check rescinded his contract, but we are of opinion that no such consequences followed his order. The check was accepted by Merriman in payment for the grain. If the check had not been honored, doubtless the vendor could have rescinded the contract, but it was paid, and Merriman makes no complaint that intermediate its execution and payment the plaintiff stopped payment thereof.

Upon the entire record, we find no error prejudicial to the defendants, and the judgment of the district court is

AFFIRMED.

LETTON, J., concurring.

The opinion is based upon the assumption that the stipulation entered into by the attorneys at the trial of the case was an admission that the entire mass of corn in the granary on the farm was the thing which was sold to Seldomridge. I think this is not the meaning of the stipulation. It is not in accordance with the other evidence in the case, and I am sure that defendant's attorney never intended to make a stipulation which would defeat him.

I concur in the conclusion, however, for the reason that where there is a contract for the sale of unascertained goods by description, and goods of that description and in a deliverable state are unconditionally appropriated to the contract by the seller, with the assent of the buyer, the property in the goods thereupon passes to the buyer. The assent of the buyer may be expressed or implied, and it may be given either before or after the appropriation is made. 35 Cyc. 297; Sale of Goods Act, rule 5 (2 Mechem, Sales, p. 1482).

In this case Merriman appropriated the corn to the buyers before the attachment by the execution of the bill of sale and by pointing out the property to his brother-in-law for the purposes of delivery to the buyer and notifying the buyer of such appropriation.

In the absence of any appropriation by the seller in this case, I think the plaintiff's attachment would have been good, because the title to the corn would still have been in Merriman.