# WASHINGTON COUNTY,

## December Term, 1793.

### JAMES BUCHANAN v. HENRY TAYLOR.

THIS was an action on the cafe againft a juftice of the peace, for wilfully and oppreffively iffuing an execution againft the goods of the plaintiff, *Buchanan*, on a judgment given againft him by the defendant, the juftice, at the fuit of *Peter Peterfon*, for 3*l.* 18*s.* when the faid judgment was fatisfied, of which the defendant had notice.

*Peterfon* had put into the hands of *Taylor* fundry notes or claims for money due, and, among the reft one againft *Buchanan*, on which this judgment was given. *Peterfon* being in want of money, applied to one *Fink*, who lent him a certain fum, on *Taylor* becoming furety, which he did on condition, that he fhould be at liberty to apply the money due on the judgments before him, when it came into his hands, to the payment of the money borrowed from *Fink*. *Peterfon* agreed to this. *Buchanan* was prefent, and told *Fink*, that, *as to the money due by him, it was a juft debt, and he need not fear its being paid.*

*Fink* demanding payment of the money lent, an execution was iffued againft *Buchanan*, who, having fome other dealings with *Peterfon*, went to him and procured from him a receipt for 3*l.* 18*s.* to be fet up againft the judgment confeffed by him before *Taylor*, to which *Buchanan* faid *Taylor* would agree. This receipt was fhewn to *Taylor*, and he was defired to allow it in the execu-

tion. But he refufed, becaufe the money had been ap-    1793.
propriated to fatisfy the debt due to *Fink*, and that debt
was not yet fatisfied. The execution was proceeded
in; and a horfe of *Buchanan's* was fold for 5*l.* to a friend
of his, who fold him back to *Buchanan* for 12*l.* On this
the claim of damages was founded, and they were laid at
20*l.* The money made on the execution was paid over
to *Fink.* Notice of this fuit had been given to the juf-
tice, according to the act for rendering juftices of the 1 *St L.* 604.
peace more fafe in the execution of their office, &c.

*Rofs,* argued for the defendant, that *Peterfon* having
affigned the money due on this judgment, to a certain
purpofe, had no further control over it; and that a juf-
tice was only anfwerable for corruption, oppreffion, par- 1 *Burr.* 561-4.
tiality, or malice: none of which exifted here; for the 2 *Burr.* 719-
conduct of the juftice was fair and honeft.                   -22.

*Bradford,* for the plaintiff. *Peterfon* remained in the
character of plaintiff before the juftice, and had control
over the judgment. The juftice was judging in his own
caufe.

PRESIDENT. An affignment, though not in all the *Dallas.* 139.
forms of law, vefts the equitable intereft in the affignee; 1 *T. Rep,* 22,
and the affignor will not, afterwards, be permitted to 248. 340,
exercife any authority over the property affigned. It is 24, 83. 40.
indifferent whether the equitable affignment be in writ- 3 *T. Rep.* 681.
ing, by parole, or by the mere delivery of the muniments 1147, 1269.
or evidences of right. If a debtor, who has paid a bond,
ftands by, and fees it affigned for a valuable confider-
ation, and, concealing his payment, declares the debt
juft, he fhall pay it again to the affignee. After the
appropriation by *Peterfon* of his debt on *Buchanan, Pe-*
*terfon* had no longer any authority over it, till the object
of this appropriation was fatisfied. *Fink* is the real af-
fignee, for he had an intereft in having the money, in
the firft inftance from *Buchanan,* and not being turned
round to *Taylor. Fink's* fecurity was not to be leffened
by any after act of *Peterfon's. Taylor* was but an or-
gan. His intereft arofe from the requeft of *Peterfon,*
and to favour him. *Buchanan* had affented to this ap-
propriation of the money. Nothing worfe than indeli-
cacy can be imputed to *Taylor.* His conduct is fair,
and for an honeft purpofe: the fraud is in *Buchanan.*—
At all events, the declaration is not for acting as a

judge, in his own caufe, but for wilfully and oppreffively iffuing an execution for a debt fatisfied. The debt was not fatisfied, for it was due to *Fink*; and there is no oppreffion, but an honeft adminiftration of juftice.

The jury found for the defendant.