## SUPREME COURT.

### HULL, by her next friend, agt. SMITH AND OTHERS.

An assignment for valuable consideration will not be set aside for technical error; and where executed in pursuance of an agreement to assign, will be made to conform.

On the 30th July, 1833, Mrs. Hull, the plaintiff, and her husband, executed a valid trust of her real estate, and the rents, issues and profits in Pennsylvania, and vested the whole in one Thomas Kelly, as their trustee. Some years afterwards, or as the complaint states it, in the early part of the year 1840, Hull, the husband, formed a copartnership with Abraham H. Smith, one of the defendants, for the transaction of the dry goods and commission business, in the city of New York. During the existence of the firm, which ultimately became insolvent, liabilities were incurred by it to that of E. H. and J. K. Bradbury, amounting in the whole, with interest, on the 10th October, 1842, when judgment was perfected in the Supreme Court for the same, to $7,111,38. Of this latter fact, however, the perfection of judgment, Mrs. Hull and her counsel appeared to have been ignorant, and consequently, when negociations were afterwards commenced by them, for the purchase of the claims in question, those negociations were conducted under the mistaken impression that such claims were still subsisting in the form of *bills, notes, &c.*, and it was in that form and not as *in judgment*, that they were subsequently treated and described in the assignment from Mr. Bradbury to Mrs. Hull. There was, in addition to this, another defect in the assignment. Instead of being made to a trustee for Mrs. Hull's " separate use," it was made to a trustee " to and for the use of the separate estate

of Mrs. Hull "—a defect to which some allusion is contained in the opinion of the court, but which from the papers in the case, does not appear to have been rendered a point of objection by the counsel for the defence.

Under these circumstances and after some time had elapsed from the making of the assignment, Mrs. Hull, by herself or by her attorney, (Kelly, the trustee, having died,) began to take measures for the recovery of the claims which had been thus transferred to her, and to that end applied to the defendant, Smith, for payment of the same. Smith, however declined payment, alleging as the reason of such declinature, substantially the foregoing facts. Application was also made to Mr. Bradbury for a more formal assignment, which was also refused, and hence the action.

The allegations of the complaint accord.

The defendant Abraham H. Smith, who seems to have been the only defendant who appeared to the action, demurred on the following grounds :

1st. That several causes of action are improperly united in the complaint.

2d. All the several causes of action stated in the complaint do not affect all the parties to the action.

3d. That the complaint does not state facts sufficient to constitute a cause of action belonging to the plaintiff against the defendant.

4th. That the defendant is not a necessary party to a complete determination or settlement of the questions involved in the complaint between the plaintiff and the defendants, Edward H. Bradbury and John K. Bradbury.

5th. That the defendant is not a necessary party to a complete determination or settlement of the questions involved in the complaint, between the plaintiff and the defendant John Fallon.

6th. That the complaint does not show or state any cause of action existing in, or belonging to the plaintiff against the defendant.

NEW-YORK PRACTICE REPORTS. 283

Hull, by her next friend, agt. Smith and others.

7th. That this court has no jurisdiction of the cause of action set forth in the complaint against the defendant John Fallon.

For demurrer, the counsel for the plaintiff submitted the following brief:

The act of 1848, (see laws of 1848, p. 307, ch. 200,) was designed to give married women the exclusive control of their separate property. It authorizes them to hold to their "sole and separate use," as if single females, "all the property which they might thereafter receive by gift, grant, devise, or bequest."

The second section provided, however, for property then held by "any female now (then) married," and provided that any such property, whether real or personal "shall (should) not be subject to the disposal of her husband, but shall be her sole and separate property as if she were a single female, except so far as the same may be liable for the debts of her husband heretofore contracted." (Vide White agt. White, 4 *How.* 102.) This, however, did not divest curtesy or any vested right. In 1849, (see Session Laws, p. 528,) the Legislature amended the 3d section of the act of 1848, but left the 2d section as it was. The third section relates exclusively to property to be acquired, and declares that she may "hold to her sole and separate use, and convey and devise real and personal property," in the same manner and with the like effect as if she were unmarried.

The question is whether Mrs. Hull is, under either statute, entitled to sue for this judgment as her own personal estate? On the 30th July, 1833, she and her husband created a valid trust of her real estate, rents, issues and profits, in Pennsylvania, and vested the whole in Thomas Kelly, as their trustee. Mr. Kelly is dead. In May, 1846, Mrs. Hull executed an appointment and letter of attorney in favor of J. K. Bradbury, to the extent of $2,500. Under this execution of the power of appointment, Mr. Bradbury petitioned the Court of Common Pleas of the city of Philadelphia, for the appointment of a new trustee, and Mr. Fallen was appointed in the place and stead of the deceased Mr. Kelly.

Hull, by her next friend, agt. Smith and others.

And the ground to be suggested for the jurisdiction is, that it will prevent a multiplicity of suits. Mayor of Brooklyn &c. agt. Messerole, (26 *Wen.*, 132.)

A defendant in the Court of Chancery could not object that another defendant having no interest in the subject matter of the suit, is improperly made a party; Cheny agt. Monroe, (2d *Barbour's Ch. Rep.*, 618, 619,) and that is still the rule under the Code.

By section 118, under the Code, all the parties who claim an interest in the matter may be made defendants. (Section 119. See also *Story's Eq. Pleadings*, section 153.)

ROOSEVELT, J.—The pleadings admit that Mrs. Hull, with her own separate funds, purchased all the claims and demands of E. H. and J. K. Bradbury, against the firm of Hull & Smith, and that the agreement was, that they should be assigned to her by a proper instrument in law to effect that purpose.

The assignment was accordingly executed, and the consideration ($2,500) paid.

There are some formal defects in the instrument—real or only apparent—one is that the draftsman, not knowing that the demands were in judgment, described them as notes and bills; the other, that not being a very technical lawyer, instead of making the assignment to a trustee to hold for her, Mrs. Hull's separate use, he made it "to and for the use of her separate estate."

A full and valuable consideration having been paid and accepted, she is entitled, if necessary, to have the instrument reformed, or which in effect is the same thing, it being a case of mere personal property, to have the instrument treated as if it were reformed and made conformable to the agreement.

She now asks to have the benefit of her purchase; the action is in one view an action on the judgment.

The obligation of the defendant, Smith, to pay that judgment, and to pay it to Mrs. Hull, is the cause of action, and there is no other cause of action. Other persons are made defendants, not to assert other causes of action, but for the protection of Smith against any technical claims founded on

NEW-YORK PRACTICE REPORTS. 285

The Trustees of the village of Penn Yan agt. Forbe

informalities which they might set up. He certainly has no right to complain that they are brought into court—had they been omitted some color would have existed for objection on his part, not indeed for excess, but for defect of parties.

"Any person may be made a defendant who has, or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." Code, section 118.

Judgment must be entered declaring the rights of the plaintiff as above explained—enjoining the defendant, Bradbury, from intermeddling with the judgment entered on the assigned demands, and requiring the defendant Smith to pay the plaintiff for her sole and separate use, the amount of the said judgment and interest, and also the costs of this suit.

NOTE.—It is perhaps proper to state, that the assignment in question was executed by John K. Bradbury, the firm of the Bradburys being at the time dissolved, and he having acquired the sole and exclusive ownership of the claims against Smith and Hull.