## PIERSOL v. GRIMES.

PROMISSORY NOTE.—*Full Indorsement.*—*Alteration of.*—If a full indorsement of a promissory note be changed by striking out the name of the indorsee and inserting that of another person, without the consent of the indorser, such other person cannot, as indorsee, maintain an action against the indorser.

*Spoliation of Written Instrument.*—The spoliation of an instrument by a stranger, without the knowledge or consent of the parties in interest, cannot change the rights or liabilities of those parties.

APPEAL from the Montgomery Circuit Court.

FRAZER, J.—Piersol sued Grimes upon the assignment of a promissory note, alleging the assignment to have been made by indorsement to Barton (who is made a party to answer to his interest), and that Barton afterwards transferred the note and indorsement by mere delivery to the plaintiff, and that some one, without the knowledge or consent of the plaintiff, had erased the name of Barton in the assignment and inserted the name of the plaintiff. The complaint also alleged facts showing due diligence in prosecuting the maker of the note to insolvency, &c. A demurrer to the complaint was sustained below, and error is assigned upon that ruling.

The opinion of this court in this case when formerly here (25 Ind. 246) is relied on to support the ruling of the court below. The last sentence of that opinion, if wrested from the connection and from the point then under consideration, would give some countenance to the position assumed. But that is not a fair construction of the language. It must be applied to the question then under consideration, which was merely whether Piersol could sue as indorsee, the indorsement having been changed without Grimes' consent by striking out the name of Barton and inserting that of Piersol. It was not intended to say more than merely to give a negative solution to that question.

But we have now a very different question. It is whether

VOL. XXX.—9

the spoliation of an instrument by a stranger, without the knowledge or consent of the parties in interest, can change the rights or liabilities of those parties. Certainly, it cannot. No member of this court has ever entertained a doubt upon that question, and on principle it is difficult to find any ground for a difference of opinion upon it.

Judgment reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

*P. S. Kennedy*, for appellant.

*S. C.* and *L. B. Willson*, for appellee.