THEODORE CRONE vs. GEORGE BRAUN and garnishee and claimant.

December 14, 1876.

**Garnishment.—Claimant of Debt Garnished.**—Under Gen. St. c. 66, § 157, when a debt from the garnishee to the defendant is disclosed, and it appears that any person, not a party to the action, is interested, or claims any interest, in the debt, by any agreement or matter which existed prior to the service of the garnishee summons, such person may be permitted to appear, and be made a party to the proceeding.

**Assignment of Debt.**—An instrument under seal in this form, "I, George Braun, do hereby certify and acknowledge that I have, on this first day of March, A. D. 1876, given up all claims I have against John Hauenstein in favor of John B. Karl," is sufficient to pass to Karl the title to any debt due from Hauenstein to Braun.

Appeal by Karl, the claimant, from a judgment of the district court for Brown county, *Hanscome*, J., presiding, against Hauenstein, the garnishee.

*E. St. Julien Cox* and *Chas. R. Davis*, for appellant.

*S. L. Pierce* and *J. Newhart*, for respondent.

GILFILLAN, C. J. The plaintiff, in a suit against the defendant, instituted garnishee proceedings against Hauenstein. Pending the proceedings, Karl applied to be admitted as a claimant of the debt disclosed, and was so admitted. Judgment was rendered in favor of the plaintiff against the garnishee, for the debt disclosed, and Karl, as claimant, appeals. On the examination it appeared that Braun, before the commencement of the garnishee proceedings, executed to Karl an instrument under seal, in the words and figures following :

"State of Minnesota, county of Brown, ss. New Ulm, March 1, 1876. I, George Braun, do hereby certify and acknowledge that I have, on this first day of March, A. D. 1876, given up all claims I have against John Hauenstein in favor of John B. Karl."

Two questions are raised on the appeal : (1) Was Karl

entitled to be, admitted in the proceedings as a claimant of the debt garnished? (2) Was the instrument proved a sufficient assignment of the debt to Karl?

It is contended that, because Gen. St. c. 66, § 157, which prescribes when a claimant may be made a party to garnishee proceedings, provides that, "if it appears from the evidence taken, or otherwise, that any person, not a party to the action, is interested, or claims any interest, in any of the *property or effects* in the hands of the garnishee, by virtue of any agreement or matter which existed prior to the service of the summons, the examining officer, upon application, may permit such person to appear in the action," etc., and does not specifically mention the case of an *indebtedness* from the garnishee to the defendant, the latter case was not intended to be covered by the provisions of the section. It is true that most of the sections relating to garnishment preceding section 157 use the words "indebtedness to the defendant, or property, money, or effects" in the hands of the garnishee, as though the words "property or effects" were not sufficient to cover the case of indebtedness. But we think, as used in that section, those words were intended to cover every case where a garnishee could be held. They are clearly so used in other sections of the act. Section 164 uses the language, "When any person is charged as garnishee by reason of any property or effects other than an indebtedness payable in money," etc., which implies that the words "property or effects," as used in other parts of the act, may include an indebtedness from the garnishee. Section 174 provides that, "if any such person is adjudged chargeable as garnishee, his said costs and allowance shall be deducted and retained out of the property, money, or effects in his hands, and he shall be accountable only for the balance," etc., and, section 178, that "the judgment against a garnishee shall acquit and discharge him from all claims of all parties to the process, in and to the property, money, or effects paid, delivered, or accounted for by such garnishee

by force of such judgment." No reason could be assigned why, in section 174, the garnishee should be allowed to retain his costs and allowances out of property by reason of which he is held, and not out of any indebtedness by reason of which he is held; nor why, under section 178, the judgment should acquit him of any claim of property, money, or effects, and should not acquit him of any indebtedness for which the judgment should be rendered. It is clear that both of these sections include the case of garnishees held by reason of indebtedness; and, when it is considered how careful the entire act is to guard the rights of the garnishee, it cannot be doubted that section 157, which is intended for the protection of his rights, was intended to apply to all cases of garnishment. We think, therefore, Karl was properly admitted as a party to the proceedings.

The instrument of assignment is certainly unskilfully drawn; but, no matter how unskilful the parties to such an instrument may be in selecting terms to express their intention, it is sufficient if it fairly appears that the intention was that the title to the thing should pass from one to the other, and that it was upon a sufficient consideration. In this case the seal imports a sufficient consideration; and although the words, "given up all claims," are not the most apt terms to express a sale, they certainly do show an intention that the title to the debt shall pass from Braun to Karl; and, as that intention is based on a sufficient consideration, it makes a valid contract of transfer.

Judgment reversed, and the court will enter judgment discharging the garnishee.