BARLOW, ADM'X, v. BUCKINGHAM ET AL.

1. **Promissory Note:** MISTAKE IN DATE: ACTION BY ADMINISTRATRIX: PAROL EVIDENCE AS TO TRUE DATE: CODE, § 3639. Where the parties to a written agreement have made the date of the instrument a material part of the contract, as when the time of performance is fixed with reference to it, parol evidence is not admissible in an ordinary action to vary or change it. But where a note was made to plaintiff's intestate in 1882, but by mistake it was dated in 1888, and it was payable one year after date, and after the death of the payee, at the request of the plaintiff, an attempt was made to correct the error, but by another mistake the date was changed to 1878 instead of to 1882, *held* that the rule did not apply, and that, in an action to recover on the note as changed, parol testimony was admissible on the part of defendants to prove the facts;—also that such testimony was not excluded by § 3639 of the Code.

2. **Evidence on Appeal:** CONFLICT. A finding of fact in an ordinary action will not be disturbed on appeal where the evidence was conflicting.

3. **Judgment:** ORAL OFFER TO CONFESS: PAROL TO PROVE AMOUNT OF OFFER. An offer to confess judgment under § 2899 of the Code may be made orally, and there is no provision requiring it to be made of record. And where a question afterwards arose as to the amount of the offer, the court properly heard parol evidence on the question.

*Appeal from Jasper Circuit Court.*

SATURDAY, DECEMBER 19.

PLAINTIFF, as administratrix of the estate of Mary E. Jeffries, brought this action on a promissory note executed by the defendants to her intestate. The note at present appears to be dated April 6, 1878, and is for $500, and is payable twelve months after date, and bears interest at ten per cent. The defendants paid on the note $554.75, before the suit was instituted, and the amount was duly credited on it. Plaintiff alleges in her petition that the amount due on the note is $280. Defendants deny that the note was executed on the sixth of April, 1878, but allege that it should have been dated April 6, 1882, which is the date of its execution. They also allege that the date written on the note at the time of its execution was April 6, 1888, and that this date was written by mistake for April 6, 1882; and, after the death of the intestate, at the request of her legal representatives, an attempt was made to correct this error in the date by an alteration of the instrument, but that by another mistake the date was made April 6, 1878, instead of April 6, 1882, as was intended. They allege that not more than five dollars is due on the note, and they offered to confess judgment for that amount. The cause was tried to the court, and judgment was entered for plaintiff for five dollars, and the cost accruing after the offer was made to confess judgment were taxed to her. Plaintiff appeals.

*D. Ryan,* for appellant.

*Clements & Ward,* for appellees

REED, J.—I. The date written on the note at the time of its execution was April 6, 1888. After the death of Mrs

1. PROMIS- Jeffries, a special administrator of her estate was
SORY note:
mistake in appointed, who, in making an inventory of the
date: action
by adminis- assets, noticed the date of this note, and, suppos-
tratrix: parol
evidence as ing it to be a mistake, called the attention of the
to true date:
Code, § 3639. defendant Hayes to it, and he undertook to cor-
rect the error, and in doing so changed the date to April 6,
1878.   Each of the defendants, however, testified that the
note was executed in 1882; and there was other parol evi-
dence tending to prove the same fact. ˙ The first question
arising in the case is whether it is competent, in this form of
action, to show by parol that the note was executed on a dif-
ferent date from that upon which it purports to have been
given.   Plaintiff's position is that, as the time of payment
is fixed with reference to the date of the instrument, the date
becomes a material part of the contract; and that to vary or
change it would be to alter the contract in a material matter,
and that this cannot be done by parol in an ordinary action;
but that the remedy of the parties against the alleged mistake
is by an action in equity to reform the instrument.

It is certainly true that when the parties to a written
agreement have made the date of the instrument a material
part of the contract, as when the time of performance is fixed
with reference to it, parol evidence is not admissible to vary
or change it.   See *Joseph v. Bigelow*, 4 Cush., 82; *Huston
v. Young*, 33 Me., 85; Story, Prom. Notes, (6th Ed.,) § 85.
We are of the opinion, however, that this rule is not appli-
cable to the facts of the present case.   The parties, as they
did not by the terms of the note, as they wrote them at the
time, fix the time of payment with reference to the sixth of
April, 1878, did not make that date a material part of the
contract.   As the instrument was written, the money was
payable in 1889.   Plaintiff has not sued on the contract as
it was written by the parties; but she concedes that, in
respect to the time of payment, the writing did not express the
real agreement.   She seeks to recover, then, upon the con-
tract which she claims the parties actually entered into,

rather than upon the agreement they expressed in the writing. There is no question, then, as to what was expressed in the written instrument; for the parties are agreed that it did not express their agreement. But the question in dispute is, what was the agreement actually entered into? and this must be determined by evidence other than the writing which the parties made at the time. The alteration which was subsequently made in the date of the instrument was an attempt simply to so change the writing as to make it express the agreement which was entered into originally by the parties. This, however, was the act of but one of the parties to the agreement, and it amounted to no more than a statement by that party of what he claimed or admitted with reference to the contract.

It cannot be claimed, therefore, that the note after the alternation expressed the agreement of the parties as to the time when the indebtedness became due. As the alteration was the act of one of the defendants, it is presumptive evidence as against him that it expresses the true date of the note; but it amounts to no more as evidence of that fact than would any other written admission or statement to the same effect by him. As, then, the date now written upon the note was never made a part of the contract by the parties, we think it clear that the date of the transaction may be shown by parol.

II.  Another question in the case is whether the defendants are precluded from giving testimony as to the date of the transaction by section 3639 of the Code. The section provides as follows: "No party to any action or proceeding   *   *   *   shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such action deceased,   *   *   * against the executor or administrator   *   *   * of such deceased person.   *   *·   *   " We are of the opinion that this provision does not forbid the examina-

Barlow, Adm'x, v. Buckingham et al.

tion of the defendants with reference to said date.   It is as
to the facts and circumstances of the transaction between them
and the deceased that they are forbidden by the provision to
testify.   The date on which it occurred is a matter quite
distinct from that, and we think it is not included in the
prohibition.

III.   Plaintiff contends that the judgment of the court is
not sustained by the evidence.   There is, however, a conflict
2. EVIDENCE   in the evidence; and, under the well-settled rule
on appeal:
conflict.   that we will not interfere with the finding of the
trial court on a question of fact, when there is evidence
tending to support the finding, we cannot disturb the judg-
ment.

IV.   Defendants' offer to confess judgment was made
orally in open court.   A question afterwards arose as to the
3. JUDGMENT:   amount for which judgment was offered to be
oral offer to
confess : pa-   confessed, and the circuit court permitted defend-
rol to prove
amount of of-   ants, against plaintiff's objection, to prove the
fer.   amount of the offer by oral evidence.   We think
there was no error in this ruling.   The statute (Code, §
2899) provides that, after an action for the recovery of money
is brought, the defendant may offer in court to confess judg-
ment for part of the amount claimed, or part of the causes in-
volved in the action; and that, if the plaintiff refuses to accept
such confession of judgment in full of his demands, he shall,
unless he recovers more than the sum offered to be confessed,
pay all the costs incurred after the offer.   The offer may be
made orally, and there is no provision requiring it to be
made a matter of record.   It was therefore competent, when
the amount of the offer was questioned, to prove it by parol.
The judgment will be

AFFIRMED.