Duffy v. Carman.

Judgment affirmed.

Filed Dec. 11, 1891.

---

No. 329.

## DUFFY v. CARMAN.

PLEADING.—*Complaint.*—*First Questioned on Appeal.*—*Defects Cured by Verdict.*—Where the sufficiency of a complaint is first questioned on appeal, all intendments are taken in favor of the pleading, and if facts sufficient are stated to bar another suit for the same cause of action, the finding of the court or the verdict of the jury cures all other defects, and the complaint will be held sufficient to uphold the judgment.

LANDLORD AND TENANT.—*Holding Over.*—*Lease.*—*Pleading.*—Where a tenant holds over after the expiration of his written lease, and the landlord and his grantee receive rent from the tenant, another tenancy is created of equal length and upon the same terms and conditions; and such written lease is not the foundation of an action for possession of the land and damages for holding over.

From the Clark Circuit Court.

*P. H. Jewett* and *H. E. Jewett*, for appellant.

*H. A. Burtt* and *J. E. Taggart*, for appellee.

ROBINSON, C. J.—The appellee commenced this action against the appellant.

The complaint alleges that on the first day of August, 1875, John Salmon was the owner of slip No. 2, in the town of Port Fulton, Clark county, Indiana; that on said day said Salmon, in writing, leased to the appellant for a term of one year the water-privilege front of said slip 2, and on the 29th day of March, 1879, said Salmon, by deed of that date, conveyed said slip 2 to the appellee; that since the 1st day of August, 1875, to the 1st day of August, 1889, the appellant had held possession of said slip 2 by the consent of said Salmon and the appellee, under said lease; that on the 29th day of April, 1889, the appellee notified the appellant, in writing, to deliver up to her, at the expiration of the current year of the tenancy, the possession of said slip 2, and the harbor privileges appurtenant thereto; that the appellant has failed and refused, and still refuses, to deliver up to the appellee the possession of said premises, but has, since the 1st day of August, 1889, unlawfully held over and detained possession of said premises from the appellant to the appellee's damage, etc. Wherefore appellee demanded judgment for the possession of said premises, and two hundred dollars damages.

The appellant answered, in three paragraphs:

1. General denial.

2. That on the 1st day of August, 1889, the Fulton Towboat Company, a corporation organized under the laws of the State of Kentucky, had occupied said premises, mentioned in the appellee's complaint, had paid rent to the appellee therefor, and that no demand had been made upon said corporation, or notice to quit served upon her, etc.

3. That on the 1st day of August, 1889, appellant then and there abandoned the premises, in the complaint mentioned, and vacated the same; that the appellee was not upon said premises on that day, and had no agent there, and no one on appellee's behalf was present to receive from appellant said possession."

A demurrer was filed and sustained to the second paragraph of the answer, and exception taken.

A reply of general denial was filed to the third paragraph of the answer.

The cause was tried by the court. The finding was in favor of the appellee, and over a motion for a new trial judgment was rendered on the finding.

The appellant assigns the following errors:

1. The complaint did not state facts sufficient to constitute a cause of action.

2. The court erred in sustaining the demurrer to the second paragraph of appellant's answer.

3. The court erred in overruling appellant's motion for a new trial.

The causes properly assigned in the motion for a new trial are: That the decision of the court was not sustained by sufficient evidence, and the decision was contrary to law.

Under the first assignment of error the sufficiency of the complaint is assailed in this court for the first time. The contention of the appellant is that the complaint was insufficient, because the written lease therein referred to, and upon which it is assumed the action is founded, was not made a part of the complaint by filing said written lease, or a copy thereof, with the complaint.

We do not think, under the averments in the complaint, that the written lease was the foundation of the appellee's action within the meaning of section 362, R. S. 1881, requiring that, " When any pleading is founded on a written instrument or account, the original, or a copy thereof, must be filed with the pleading."

The written lease expired on the 1st day of August, 1876. After that it is alleged in the complaint that the premises were held by the appellant by consent of appellee, etc., and that the premises were conveyed by the lessor to the appellee after the expiration of the written lease, and while appel-

lant was holding the premises by the consent of the original lessor, who was appellee's grantor.

The appellant having remained in possession of the leased premises after the expiration of the written lease, and appellee and her grantor received rent from the appellant, another tenancy was created of an equal length, and upon the same terms and conditions, so long as the appellant so occupied the premises. *New York, etc., R. W. Co.* v. *Randall,* 102 Ind. 453; *Bollenbacker* v. *Fritts,* 98 Ind. 50; *Bright* v. *McOuat,* 40 Ind. 521.

If, however, under section 362, *supra,* the written lease was the foundation of the action,—but we do not think it was,—the original, or a copy of it, should have been filed with the complaint, for otherwise the complaint would have been bad on demurrer. But when the sufficiency of the complaint is called in question for the first time by assignment of error in this court a different rule prevails. All intendments are taken in favor of the pleading, and if facts sufficient are stated to bar another suit for the same cause of action, the finding of the court or the verdict of the jury cures all other defects, and the complaint will be held sufficient to uphold the judgment. *Colchen* v. *Ninde,* 120 Ind. 88, and cases cited.

There are other objections urged to the complaint, but we need not consider them, as they come within the rule of *Colchen* v. *Ninde, supra,* and if they had been raised by demurrer in the circuit court the complaint would have been sufficient.

The appellant makes no claim that the court erred in sustaining the demurrer to the second paragraph of the answer, and thereby waives that assignment of error.

Under the causes assigned in the motion for a new trial, the appellant discusses only the one cause, " in which it is alleged that the decision of the court was not sustained by sufficient evidence."

The court, in its finding and judgment, gave appellee the

possession of the premises described in the complaint and the lease. The evidence showed that the appellee was the owner of the premises; that she had served proper notice on the appellant to deliver the possession of the same to her at the end of the current year; that the appellant had paid appellee, or her agents, rent at ten dollars a month for said leased premises since the conveyance was made to her. The evidence established the relation of landlord and tenant between the appellee and appellant, and the fact that the appellant recognized such relation. The court may have fairly concluded from the evidence that there had been no surrender of the premises, and that appellant was in possession thereof when this action commenced.

We can not disturb the finding of the court by reason of the alleged insufficiency of the evidence.

In the determination of the questions in this case we have confined our opinion to the issues in the case, the terms of the lease and the evidence. Some questions have been discussed by counsel which we have not passed upon, for the reason that they do not properly arise in the case and are not before the court under the issues.

The judgment is affirmed, at appellant's costs.

Filed Dec. 11, 1891.