(34 Misc. Rep. 89.)

### JOHNSON v. ANDREWS.

(Supreme Court, Special Term, Kings County. February, 1901.)

1. SEDUCTION—PLEADINGS—ANSWER—NEW MATTER—REPLY—COMPELLING.

In an action for seduction, the complaint alleged that plaintiff was the mother of the girl seduced, which was denied in the answer on information and belief; then followed a general denial; then an allegation that plaintiff was not and is not the mother of the alleged daughter, and the mother is another woman, named, and now dead. *Held* not to set up new matter constituting an affirmative defense, but matter provable under the general issue, to which plaintiff will not be compelled to reply.

2. SAME—ACTION BY MOTHER—DEFENSE—CONSENT OF PLAINTIFF.

In an action for seduction of plaintiff's daughter, an answer that plaintiff consented, with full knowledge and privity, to the acquaintance in the entirety between defendant and her daughter, does not state an affirmative defense, requiring a reply, the seduction being denied.

3. SAME.

　　Where, in an action for seduction of plaintiff's daughter, the answer alleged that plaintiff, during the time covered by the complaint, styled herself by another name, and that the mother of the alleged daughter was another person, still living, who was married to a certain person while her first husband was still living, such answer did not set up an affirmative defense, requiring a reply.

4. SAME.

　　Answer that plaintiff is a woman of gross immoral character, and is living in adultery with a man named, does not set up an affirmative defense, requiring plaintiff to reply thereto.

Action for seduction of her daughter by Anna Johnson against William S. Andrews. Motion to require plaintiff to reply to defences or new matter set up in the answer. Denied.

William S. Lewis, for plaintiff.
William F. S. Hart, for defendant.

GAYNOR, J. The action is for damages for the seduction of the plaintiff's daughter by the defendant, and there is an allegation in the complaint that the plaintiff was married to Erik P. Johnson, and that the said daughter was afterwards born to them, and that the said husband died before the alleged seduction.

The answer is of a kind which has grown to be very common and a great nuisance to trial judges, and shows the extent to which our learned profession has degenerated.

The first paragraph is "that he" (the defendant) "has not sufficient knowledge or information to form a belief as to the allegations contained" in paragraphs 1 and 2 of the complaint, "and he therefore denies the same." This slovenly and unscientific allegation is no doubt intended for the "denial" permitted by the Code of Civil Procedure (section 500), viz., that the defendant "denies that he has any knowledge or information sufficient to form a belief" (as the correct form is) as to the allegations contained in the paragraphs of the complaint numbered 1 and 2. But it seems some decisions allow it to pass.

Next is a general denial of each and every other allegation contained in the complaint.

Next come five so-called "defences," or "affirmative defences," as counsel for defendant called them at the bar, as though a "defence" could be otherwise than "affirmative," i. e., of "new matter constituting a defence" (Code Civ. Proc. § 500), i. e., matter which could not be proved under a denial, i. e., matter which is a defence to the action if all of the allegations of the complaint be taken as true, and the burden of proving which is on the defendant. Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; Cruikshank v. Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678, and cases there cited.

The first is that the plaintiff "was not and is not the mother" of the alleged daughter. This is not "new matter constituting a defence," or any kind of new matter. On the contrary, it is embraced within the denials. It is an absurdity to call it a defence. The complaint alleges that the plaintiff is the mother, and the denials put that in issue.

The next is that the mother of the alleged daughter was another

woman who is named and alleged to be now dead. This is no "defence" but provable under the general issue.

The next is that the plaintiff "consented with full knowledge and privity to the acquaintance in its entirety" between the defendant and the said daughter. This is no defence. It is not that the defendant seduced her with the privity and knowledge of the plaintiff. The seduction is denied, and that is the only "acquaintance" complained of.

The next is that the plaintiff styled herself at the times covered by the complaint as "Mrs. Royals"; and that the mother of the said daughter was "one Anna Margretta Johnson" who was married to one Madsen and was never divorced from him and is still alive; and that when she so married she knew "that her said husband Erik P. Johnson was alive." But what has this matter to do with the case? It is a strange jumble.

The next is that the plaintiff "is a woman of gross, immoral character," and is living in adultery with a man named.

Not only does the learned counsel plead these as "defences," but so unconscious is he that they are not "defences," but only verbiage which ought to be struck out with costs, that he moves that the plaintiff be compelled to reply to them, on the ground, as he has the defendant say in his affidavit, that "it will be difficult if not impossible to prepare for the trial of this case unless it is known whether the allegations contained in the affirmative defences hereinbefore set forth are admitted or denied," and that it will "take much time, and put the defendant to great expense to prepare the evidence on behalf of defendant in regard to the affirmative matters set up in said answer." And this all under oath by advice of a member of our learned profession.

The motion is denied with $10 costs.