EQUITABLE MANUFACTURING Co. v. H. C. ALLEN.

January Term, 1903.

Present: MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed October 15, 1903.

*Sale—Duplicate Memoranda—Statute of Frauds—Alteration by Agent—Non-acceptance.*

When a buyer, at the time of the sale and with the knowledge of the selling agent, adds a provision to the duplicate memorandum of sale furnished him by such agent, such provision becomes a part of the completed agreement.

That such agent fails to change his copy of the memorandum to correspond with that of the buyer, does not render it insufficient to satisfy the Statute of Frauds.

The alteration of a written instrument by an agent who holds it for transmission to the principal does not render it invalid.

That the terms of payment were not specified in the invoice sent with the goods did not afford sufficient grounds for their non-acceptance.

GENERAL ASSUMPSIT. Plea, the general issue. Heard on the report of a referee at the December Term, 1902, Orange County, *Tyler,* J., presiding. Judgment for the defendant. The plaintiff excepted.

*M. M. Wilson* for the plaintiff.

The alteration by the plaintiff's agent had no effect on the contract. *Bigelow* v. *Stilphens,* 35 Vt. 521.

Even if the defendant had a right to rescind, a shipment to Providence cannot avail him. *Norton* v. *Gleason,* 61 Vt. 480; *Ricker* v. *Adams,* 59 Vt. 154.

*J. D. Denison* for the defendant.

The writing required by the Statute of Frauds must state the terms of the contract. This contract fails in this particular. Brown on Frauds, 468; *Dana & Henry* v. *Hancock,* 30 Vt. 616.

On receipt of the goods not billed as agreed, the defendant had a right to refuse to receive them. He returned them to the advertised factory of this manufacturing company.

MUNSON, J.   At a personal interview between the plaintiff's salesman and the defendant, negotiations were had for the sale by plaintiff to defendant of an assortment of jewelry for $100. The contract was prepared in duplicate upon order blanks furnished by the salesman, and the two papers. were signed by both the salesman and the defendant, and one was retained by each. · When defendant signed the copy kept by him, he wrote upon it, "Date May 1, 1901. Ship April 1, 1901." This was done in the presence of the salesman and with his knowledge. The words, "Date May 1, 1901," were never written upon the plaintiff's duplicate, but the words, "Ship April 1, 1901," were written on it at the time it was signed. The salesman afterwards changed this, without the knowledge of either plaintiff or defendant, making it read, "Ship Feb. 15, 1901." The plaintiff, supposing the duplicate as received by it was the contract. as executed, shipped the

goods at the earlier date fixed by the alteration. The defendant had no knowledge of the alteration until after the goods were received and reshipped, and his action was not taken because of the premature shipment.

The defendant claims that the minds of the parties never met, and that if they did, no contract in writing was completed. We cannot take this view of the case. The leaving of the defendant's duplicate with him, after he had made the additional entry with the salesman's knowledge, was an assent to the change made, and completed the agreement. It was then the duty of the salesman to alter his duplicate to correspond, but his failure to do so did not do away with the agreement. So there was a completed contract in the minds of the parties, identical in terms with the defendant's duplicate; and it was not necessary that both duplicates should be perfected to satisfy the Statute of Frauds. A written statement of the bargain agreed upon, signed by the party to be charged thereby, was taken by the vendee.

The alteration of the plaintiff's duplicate was made by the salesman after the contract was completed, and before the duplicate was forwarded. It is now well settled that the alteration of a written instrument by a stranger will not render it invalid. One who procures a writing as an agent, and holds it temporarily for transmission to his principal, is held to be a stranger, within the meaning of the rule. *Bigelow* v. *Stilphen,* 35 Vt. 521. The salesman was the plaintiff's agent to negotiate a contract of sale and procure and transmit the evidence of it, and there his authority ceased. The alteration was a wrongful act, for which his employer was in no way responsible. Nor has anything been done to ratify the act. The suit was not brought until after the expiration of the time

of credit as determined by the defendant's entry, and nothing is claimed at variance with the duplicate held by the defendant.

In shipping the goods, the plaintiff placed upon the box an invoice, at the top of which was a statement that all claims must be made upon receipt thereof, and on which was the word "Terms," followed by a blank not filled. The referee finds that the only reason why the defendant refused to accept the goods was because the terms of the sale were not upon the invoice. This was not a sufficient ground for non-acceptance. The defendant held a duly executed written contract as evidence of the terms of the sale.

*Judgment reversed, and judgment for plaintiff.*