[No. 1539, October 14, 1913.]
AMINDA LOHMAN, as Executrix, etc., Plaintiff; GEORGE LYNCH and EDWARD C. WADE, Cross-Complainants, Appellees, v. NUMA REYMOND, Appellant.

SYLLABUS.

1. Where, in a suit to compel an accounting by trustees, cross-complainant, at the time of filing his cross-complaint for appointment of a receiver, was justified from the record in believing that he would only be required to present and prove his title to claims transferred to him in the receivership proceeding, and for that reason only set up the assignment of such claims to his capacity to join in the suit to compel the trustees to account, his cross-complaint was not based on the instrument of assignment; and hence the assignment, when offered in evidence, was not objectionable because such instrument, or a copy thereof, was not filed in compliance with Code Civ. Proc., sub-sec. 307, (Laws 1907, c. 107), providing that, when any instrument of writing on which the action or defense is found is referred to in the pleadings, the original or a copy shall be filed with the pleading, if within the power or control of the party wishing to use the same, and if the original or a copy be not filed or a sufficient reason given for the failure to file it, the instrument may not be admitted in evidence.

P. 231

2. Where, in a suit to compel trustees to account, the trial court did not hear all of the witnesses testify, an assignment that the court erred in finding that certain claims has been assigned to cross-appellant L. required a review on appeal of all the evidence in the case.

P. 234

3. An instrument in the form of a release of claims of three creditors of an insolvent against the insolvent's trust estate to L., together with the oral testimony explaining the same, might be properly held to amount to an assignment of such claims to L.

P. 234

4. Alteration of an instrument by interlineation by one who was acting as a friend of both parties, and who drew the original instrument at a time prior to his becoming interested in behalf of either party, was not a fatal alteration.

P. 235

5. Where cross-complainant alleged that a certain release of claims against an insolvent's estate was made only on one condition, while defendant charged that the release was made on the same and also on another condition, such allegations presented a complete issue, and no reply was necessary.

P. 235

6. By going to trial on the merits and not objecting to evidence, defendant waived any right he may have had consequent on cross-complainant's failure to reply to defendant's answer.

P. 236

Error to the District Court of Dona Ana County; Frank W. Parker, Associate Justice; affirmed.

N. C. FRENGER, Las Cruces, N. M., for appellant.

The writing, Exhibit "A," was not entitled to be admitted in evidence because not filed with cross-complaint. Session Laws 1907, chapter 107; 3 Wigmore on Evidence, secs. 1845 to 1860; 31 Cyc. 556; Code Civ. Pro. (N. M.)

Ordinarily neither the verdict of a jury nor the findings of fact of a trial court will be disturbed in the appellate court when they are supported by any substantial evidence. Candelaria v. Miera, 13 N. M. 360; Territory v. Hicks, 6 N. M. 596.

But, in this case, this Court should review the entire record and try this cause de novo, following the rule in appeals in equity. Puritan Co. v. Toti and Gradi, 14 N. M. 425.

It is the practice to examine the record to ascertain if substantial evidence exists. Hancock v. Beasley, 14 N. M. 239; Mining Co. v. Hamilton, 14 N. M. 271.

There could have been no ossignment because the assignee gave no consideration. 4 Cyc. 31.

Exhibit "A" was a release, and being without consideration, it is void. 34 Cyc. 1048-1054; 24 A. & E. Enc. L. 287, (2nd Ed.)

J. H. PAXTON, Las Cruces, N. M., for appellee.

Not necessary to file the original or a copy of the instrument held to be evidence, with the cross-complaint. Laws 1907, sub-sec. 307; Latterett v. Cook, 1 Ia. 1, 63 Am. Dec. 428; Fisher v. Patton, 134 Mo. 32, 33 S. W. 451, 34 S. W. 1096.

The instrument was not the foundation of the action Horne v. Mullis, 46 S. E. 663, 119 Ga. 534; Diggs v. Way, 51 N. E. 429, 54 N. E. 412, 22 Ind. App. 617; Vannice v. Green, 14 Ia. 262; Bryson v. Kelly, 53 Ind. 486; Duffy v. Carman, 3 Ind. App. 207, 29 N. E. 454; Williams v. Frybarger, 9 Ind. App. 558, 37 N. E. 302; Lester v. People, 150 Ill. 408, 41 Am. St. 375; State v. Wenzel, 77 Ind. 428; Worley v. Moore, 77 Ind. 567; Shetterly v. Axt., 76 N. E. 901, 77 N. E. 865, 37 Ind. App. 687; Conn v. State, 25 N. E. 443, 125 Ind. 514.

Established by the evidence of the written instrument, and by evidence aliunde, that Numa Reymond assigned to George Lynch all his claim against the estate of the Lynch Brothers. Moore v. Lowery, 25 Ia. 336, 95 Am. Dec. 790.

No particular form is necessary to constitute an assignment. Metcalf v. Kincaid, 87 Ia. 443, 43 Am. St. 391; Drake on Attachments, sec. 562; McDaniel v. Maxwell, 21 Ore. 202, 28 Am. St. 740; Hull v. Smith, 8 How. Prac. 281.

An assignment for valuable consideration will not be set aside for technical error. Noble v. Hunter, 2 Kans. App. 538, 43 Pac. 994.

Intent governs, though inappropriate terms have been used. Ellis v. Secor, 31 Mich. 185, 18 Am. Rep. 178; Crone v. Braun, 23 Minn. 239; People v. Tioga Com. Pleas, 19 Wend. 73; Buchanan v. Taylor, (Pa.) Add. 154; Gulf, C. & S. F. Ry. Co. v. Cusenberry, 5 Tex. Civ. App. 114, 23 S. W. 851; Hinkle v. Wanzer, 17 How. 353, 15 L. Ed. 173; Hooker v. Eagle Bank, 30 N. Y. 83, 86 Am. Dec. 351; Macklin v. Kinealy, 141 Mo. 113, 41 S. W. 893; Tatum v. Ballard, 94 Va. 370, 26 S. E. 871.

Alterations appearing in the instrument held to evidence an assignment from Numa Reymond to Lynch, are not such as to affect the validity or admissibility in evidence. Ames v. Brown, 22 Minn. 257; 1 Greenl. Ev., sec. 189; Yeager v. Musgrave, 28 W. Va. 90; White Sewing Machine Co. v. Dakin, 86 Mich. 581, 49 N. W. 583, 13 L. R. A. 315; Barlow v. Buckingham, 68 Ia. 169, 26 N. W. 58; Sharpe v. Orme, 61 Ala. 263; Sill v. Reese, 47 Cal. 294; Andrews v. Burdick, 62 Ia. 714, 16 N. W. 275; Hervey v. Harvey, 15 Me. (3 Shep.) 357; Ames v. Colburn, 77 Mass. (11 Gray) 490, 71 Am. Dec. 723; McRaven v. Crisler, 53 Miss. 542; Foote v. Hambrick, 70 Miss. 157, 35 Am. St. 631; Lee v. Butler, 167 Mass. 426, 57 Am. St. 466 Equitable Mfg. Co. v. Allen, 76 Vt. 22, 56 Atl. 87, 104 Am. St. 915; Lee v. Alexander, 9 B. Monroe 25, 48 Am. Dec. 412; Pierson v. Grimes, 30 Ind. 129, 95 Am. Dec. 673; Wallace v. Tice, 51 Pac. 733, 32 Ore. 283; Brooks v. Allen, 62 Ind. 401; Murray v. Peterson, 6

Wash. 418, 33 Pac. 969; Goodfellow v. Inslee, 12 N. J. Eq. (1 Beasl.) 355; Condict v. Flower, 106 Ill. 105; Deering Harvester Co. v. White, 72 S. W. 962; 110 Tenn. 132; Mathias v. Leathers, 68 N. W. 449, 99 Ia. 18; Forbes v. Taylor, 35 So. 855, 139 Ala. 286.

There was no tacit admission, by Lynch's failure to reply to Reymond's answer, of Reymond's allegation that his agreement was conditioned upon the joinder of all other creditors.

The allegation of the cross-complaint and the denial in the answer, when taken together, make a definite and clear cut issue. Stephen on Pleading, 154; Hill v. Smith, 27 Cal. 476; Watkinds v. So. Pac. R. Co., 38 Fed. 711, 4 L. R. A. 241; Wahl v. Murphy, (Ky.) 9 S. W. 375; Smith v. L. & N. R. Co., 95 Ky. 11, 23 S. W. 652, 22 L. R. A. 72; Union Ins. Co. v. Murphy, (Pa.) 4·Atl. 352.

Where a special plea amounts to no more than the general issue, which has also been pleaded, no replication is necessary. King v. Burnham, 101 N. W. 302, 93 Minn. 288; Johnson v. Andrews, 68 N. Y. Sup. 764, 34 Misc. Rep. 89; Luther v. Brown, 66 Mo. App. 227; Jordan v. Buschmeyer, 97 Mo. 94, 10 S. W. 616; Goddard v. Fulton, 21 Cal. 430; Arthur v. Brooks, 14 Barb. 533.

By going on trial on the merits and not objecting to evidence, Reymond waived any right he may have had, consequent upon Lynch's failure to reply to his answer. Coler v. Boar dof Co. Commrs., 6 N. M. 117; Faucette v. Ludden, 117 N. C. 170, 23 S. E. 173; Looney v. Linney, (Tex. Civ. App.) 21 S. W. 409; Sawtelle v. Muncy, 48 Pac. 387, 116 Cal. 435; Sigafus v. Porter, 179 U. S. 116, 21 Spu. Ct. R. 34, 45 L. Ed. 113; Union P. R. Co. v. Snyder, 152 U. S. 684, 14 Sup. Ct. R. 756; 38 L. Ed. 597.

### STATEMENT OF FACTS.

On December 6, 1892, the cross-complainant, George Lynch, and his two brothers, since deceased, executed their deed of trust for the benefit of creditors to the plaintiff, Martin Lohman, and to the defendant, Numa Reymond, as trustees. Numa Reymond having left the country, Mar-

tin Lohman, trustee, had instituted this suit against Numa
Reymond, trustee, and the creditors as defendants, includ-
ing George Lynch and William Lynch, surviving mem-
bers of the firm of Lynch Brothers, to remove Numa Rey-
mond as such trustee. Numa C. Frenger was appointed
by order of the court trustee in place of Numa Reymond.
Thereafter, and during the year 1909, George Lynch
filed his cross-complaint in the nature of a bill in equity
praying for an accounting by the trustees and the appoint-
ment of a receiver for the trust estate to take poossession
and dispose of the same under the provisions of said trust
deed and under the direction and order of the Court.

George Lynch alleged in his cross-complaint that he is
also interested as a creditor of the estate by assignments
from other creditors, in addition to his interest as a residu-
ary beneficiary. Martin Lohman and Numa Reymond, be-
ing in court only as trustees, undertook, nevertheless, to
answer the cross-complainant in their individual and per-
sonal capacity, and· to litigate their individual contro-
versies with Lynch in this suit. The suit was tried upon
the issues made by the cross-complaint of George Lynch,
the answer of plaintiff Martin Lohman, the reply of de-
fendant George Lynch, and the answer of defendant Numa
Reymond. It is also stipulated in the case that the reply
of George Lynch to the answer of Martin Lohman shall
be treated as a reply of Edward C. Wade as co-cross-com-
plainant with George Lynch, to the answer of Numa Rey-
mond. The vital question upon the appeal is whether
Numa Reymond assigned to George Lynch his claim as a
creditor against the estate in question.

On or about December 13, 1906, Numa Reymond, John
H. Riley and Martin Lohman, for the consideration of
their mutual promises and for the express consideration
of one dollar in hand paid, agreed together orally to re-
lease (or assign) and did release (or assign) to George
Lynch their claims against the trust estate of Lynch
Brothers. In pursuance of this oral agreement (or as-
signment) they executed and delivered to George Lynch a
written instrument appearing on its face to be a release

to George Lynch, of all their claims against George
Lynch. The trial court found as a fact that the said
Lohman, Riley and Reymond did in fact assign to George
Lynch their claims against Lynch Brothers and upon con-
flicting evidence the trial court found that this assign-
ment was made conditionally. The typewritten instru-
ment in evidence contained a condition written with a pen
below, after the signatures of the parties.

## OPINION OF THE COURT.

ABBOTT, D. J.—The vital question for decision in
this case is raised by the first assignment of error, which is

"That the District Court erred in admitting in evidence
the release submitted by appellees George Lynch and Ed-
ward C. Wade and marked exihibt "A" under their evi-
dence, upon the ground that the same was referred to in
appellee's cross-complaint, and the same, or a copy there-
of, was not filed with said cross-complaint, the same hav-
ing been within their power and control, and no sufficient
reason having been given for failure so to do,—and which
said cross-complaint and their action thereby was founded,
as to their rights claimed against appellant, upon said re-
lease, it being an instrument in writing."

The argument of appellant is that in so far as appellee
George Lynch claims to be the owner of the credits of ap-
pellant under said estate of Lynch Brothers, this action
was founded upon the writing appearing in evidence as
exhibit "A." It is referred to in the cross-complaint, the
same, or a copy thereof, was not filed with said cross-
complaint, though within the power and control of
said George Lynch, and no sufficient reason was given
for failure to do so. The said writing was therefore not
entitled to be admitted in evidence, under sub-section 307
of the Code of Civil Procedure, which is as follows:

"When any instrument of writing upon which the action
or defense is founded is referred to in the pleadings, the
original or a copy thereof shall be filed with the pleading,
if within the power or control of the party wishing to use
the same, and if such original or copy thereof be not filed

as herein required, or a sufficient reason given for failure
to do so, such instrument of writing shall not be admitted
in evidence upon the trial."

It is evident upon the face of the record that George
Lynch filed his cross-complaint against Numa Reymond
only in Reymond's capacity as trustee. He prayed for an
accounting by the trustees and the appointment of a re-
ceiver for the trust estate. Unless George Lynch had
something more than a mere interest as residuary benefi-
ciary of the trust estate, it is questionable whether he would
have an interest sufficient to entitle him to maintain his
action, and it was therefore proper to allege that certain
creditors had assigned their claims against the trust estate
to Lynch so as to show Lynch's interest and right to sue.
The written instrument from Reymond, Riley and Lohman
to Lynch was not pleaded as a basis of the action, nor was
any recovery sought upon it. Lynch did not sue as as-
signor individually or personally; there was no occasion
to do so; nor could he know that there ever would be such
action. He was justified in taking the position that he
would only have to present his title in the receivership pro-
ceedings. In his cross-complaint he was not seeking to
confirm his title to the claims of Lohman, Reymond and
Riley against the trust estate.

The record shows that up to the time of the filing of
the answer of Lohman and Reymond to the cross-complaint,
that Lohman and Reymond were only sued in the action
in their capacity as trustees. So far as the record shows,
Lynch could not then know that there would be any occa-
sion for personal suit against any of the creditors who had
released (or assigned) their claims to him. The trustees,
Lohman and Reymond, however, being in court only as
trustees, undertook to answer the cross-complaint in their
individual and personal capacity and to litigate their in-
dividual controversies with Lynch in this suit under his
cross-complaint. At the time of filing his cross-complaint
he was, from the record, justified in thinking he would
only have to present his title in the receivership proceed-
ings. To question his right and title to the claims of

Lohman, Reymond and Riley against the trust estate in his cross-complaint, in which he was suing for an accounting and receivership, would have been improper pleading. It is a copy of the instrument on which the suit is founded which is to be attached to plaintiffs' complaint, and not the evidence required to sustain his case. In this case the release from Reymond, Lohman and Riley was not the instrument upon which the action of appellee was founded, but nothing more than a part of the evidence upon which he had a right to rely in case his title to the claims of Lohman, Reymond and Riley was questioned. It was proper for appellee to set forth all of his interest in the trust estate so that his right to maintin his action might be unquestioned. Suppose it was shown upon the face of his cross-complaint that the claim of creditors were in so large amount that appellee would certainly have no interest as residuary beneficiary. The record shows in this case that the appellee did not base his title wholly upon the so-called release, but that an oral agreement previous to the written instrument was also relied upon. He had no reason to believe that his title to the claims of Reymond, Lohman and Riley would be questioned in this action and his cross-complaint was not based upon such instrument and it therefore becomes not only unnecessary but improper for the same to have been set forth in his cross-complaint, and his action not being founded thereon, the same was not inadmissible in evidence. Lattourett v. Cook, 1 Cole's 1, (Ia.), 63 Am. Dec. 428; Fisher v. Patton, 134 Mo. 32, 33 S. W. 451, 34 S. W. 1096; Horne v. Mullis, 46 S. E. 663, 119 Ga. 534; Diggs v. Way, 51 N. E. 429, 54 N. E. 412, 22 Ind. App. 417; Vannice v. Green, 14 Ia. 262; Bryson v. Kelly, 53 Ind. 486; Duffy v. Carman, 3 Ind. App. 207, 29 N. E. 454; Williams v. Frybarger, 9 Ind. App. 558, 37 N. E. 302; Lester v. People, 150 Ill. 408, 41 Am. St. Rep. 375; State v. Wenzel, 77 Ind. 428; Worley v. Moore, 77 Ind. 567; Shetterly v. Axt., 76 N. E. 901, 77 N. E. 865, 37 Ind. App. 687; Conn. v. State, 25 N. E. 443, 125 Ind. 514.

The written instrument having been properly admitted

in evidence, it remains to be determined. what is the legal
effect of said instrument, and this question is directly raised
by the 8th assignment of error, which is,

"That said Court erred in finding that in law the appel-
lant has assigned over to the appellee, George Lynch, his
claim in and to the Lynch Brothers estate."

Appellee claims that it is established by the evidence of
the written instrument held to have been an assignment
from Numa Reymond to George Lynch, and by evidence
aliunde, that Numa Reymond assigned to George Lynch
all his claims against the estate of Lynch Brothers. Ap-
pellant argues that there is no evidence that a verbal con-
tract or agreement to assign to George Lynch was made.
The decision of this question brings us to an examination
of the whole of the evidence in the case, under the
rule announced in the case of Gallup Electric Light
Co. v. Pacific Improvement Co., 16 N. M. 86, as the
trial judge did not hear all of the witnesses testify. The
finding of the trial court that an assignment of the claims
of appellants Reymond, Lohman and Riley against the
trust estate to George Lynch was made, was based not only
upon the written instrument heretofore referred to, but
upon the oral testimony as well.

We have carefully examined the entire record in this
case, and are of the opinion that the finding of the trial
court in this regard is sustained by a fair preponderance
of the evidence. The instrument admitted in evidence in
this case in the form of a release of the claims of Rey-
mond, Lohman and Riley against the trust estate to
George Lynch, together with the oral testimony ex-
plaining the same, was properly held by the trial court to
be in legal effect an assignment of such claims to George
Lynch. Moore v. Lowrey, 25 Ia. 336, 95 Am. Dec. 790;
Metcalf v. Kincaid, 87 Ia. 443, 43 Am. St. Rep. 391;
Drake on Attachments, sec. 562; McDaniel v. Maxwell,
21 Or. 202, 28 Am. St. Rep. 740; Hull v. Smith, 8 How.
Prac. 281; Noble v. Hunter, 2 Kan. App. 538, 43 Pac.
994; Ellis v. Secor, 31 Mich. 185, 18 Am. Rep. 178;
Crone v. Braun, 23 Minn. 239; People v. Tioga Common

Pleas, 18 Wend. 73; Buchanan y. Taylor, (Pa.) Add. 154; G. C. & S. F. Ry. Co. v. Cusenberry, 5 Tex. Civ. App. 114, 23 S. W. 851; Hinkle v. Wanzer, 17 How. 353, 15 L. Ed. 173; Hooker v. Eagle Bank, 30 N. Y. 83; Macklin v. Kinealy, 141 Mo. 113, 41 S. W. 893; Tatum v. Ballard, 94 Va. 370, 26 N. E. 871.

The alterations appearing in the instrument held to evidence an assignment from Numa Reymond to George Lynch are not such as to affect its validity or admissibility in evidence, the same not having been done by the parties to alter its meaning, but only by interlineation by the person who was acting as the friend of both parties and who drew the original instrument at a time prior to his becoming interested in behalf of either party. Ames v. Brown, 22 Minn. 257; Yeager v. Musgrave, 28 W. Va. 90; White Sewing Machine Co. v. Dakin, 86 Mich. 581, 49 N. W. 583, 13 L. R. A. 315; Barlow v. Buckingham, 68 Ia. 169, 26 N. W. 58; Charpe v. Orme, 61 Ala. 263; Sill v. Reese, 47 Cal. 294; Andrews v. Burdick, 62 Ia. 714, 16 N. W. 275; Hervey v. Harvey, 15 Me. 357; Ames v. Colburn, 77 Mass. 390, 71 Am. Dec. 723; McRaven v. Crisler, 53 Miss. 542; Foote v. Hambrick, 70 Miss. 157, 35 Am. St. Rep. 631; Lee v. Butler, 167 Mass. 426, 57 Am. St. Rep. 466; Equitable Mfg. Co. v. Allen, 76 Vt. 22; Lee v. Alexander, 9 B. Monroe, 25, 48 Am. Dec. 412; Piersol v. Grimes, 30 Ind. 129, 95 Am. Dec. 673; Wallace v. Tice, 51 Pac. 733, 32 Or. 283; Brooks v. Allen, 62 Ind. 401; Murry v. Peterson, 6 Wash. 418, 33 Pac. 969; Goodfellow v. Inslee, 12 N. J. Eq. 355; Condict v. Flower, 106 Ill. 105; Deering Harvester Co. v. White, 72 S. E. 962, 110 Tenn. 132; Mathias v. Leathers, 68 N. W. 449, 99 Ia. 18; Forbes v. Taylor, 35 So. 855, 139 Ala. 286.

There was no admission, by Lynch's failure to reply to Reymond's answer, of Reymond's allegation that his agreement was conditioned upon the joinder of all other creditors.

The allegation of the cross-complaint was to the effect that Reymond (together with other creditors) by his writ-

ing released directly to Lynch his claim against the trust estate.

"Subject *only* that the claim so released should not inure to the use and benefit of any other creditors of said Lynch Brothers."

The denial in Reymond's answer is as follows:

"Said Reymond denies all of the allegations of paragraphs five and six of said cross-complaint, but on the contrary avers that he agreed to release all his rights as creditor in and to the said Lynch estate in favor of the said George Lynch (upon the condition, however, that all the other creditors of the said estate likewise relinquish their claims, and upon the further condition that the said relinquishments should inure to the sole benefit of the said George Lynch."

The issue is therefore formed by contrary averments, Lynch averring that the release was made only upon one condition, and Reymond averring that the release was made upon the same condition and an additional condition. The allegation of the cross-complaint and the denial in the answer, when taken together, make a definite and clear-cut issue. Watkins v. So. Pac. R. Co., 38 Fed. 711, 4 L. R. A. 241. Affirmative allegations in an answer are not necessarily new matter, so that a replication becomes necessary. If they in fact only show that some essential allegation of the complaint is not true, then they are only a traverse. Goddard v. Fulton, 21 Cal. 430; Luther v. Brown, 66 Mo. App. 227; Jordan v. Buschmeyer, 97 Mo. 94, 10 S. W. 616; King v. Burnham, 101 N. W. 302, 93 Minn. 288; Johnson v. Andrews, 68 N. Y. S. 764, 34 Misc. Rep. 89; Union Ins. Co. v. Murphy, 4 Atl. 352; Smith v. L. & M. N. Ry Co., 95 Ky. 11, 23 S. W. 652, 32 L. R. A. 72.

By going to trial on the merits and not objecting to evidence, Reymond waived any right he may have had, consequent upon Lynch's failure to reply to his answer. Coler v. Board of Co. Commrs., 6 N. M. 117; Faucette v. Ludden, 117 N. C. 170, 23 S. E. 173; Looney v. Linney, 21 S. W. 409; Sawtelle v. Muncy, 48 Pac. 387,

117 Cal. 435; Sigafus v. Porter, 179 U. S. 116, 21 Sup. Ct. Rep. 34, 45 L. Ed. 113; Union P. R. Co. v. Snyder, 152 U. S. 684, 14 Sup. Ct. Rep. 756, 38 L. Ed. 597.

All of the assignments of error being disposed of, the judgment of the lower court will be affirmed for the reasons given.

Parker, J., being disqualified, did not participate in this opinion.